598 A.2d 1003

**COMMONWEALTH of Pennsylvania**

v.

**Johnnie J. MICKELL, Appellant.**

Superior Court of Pennsylvania.

Submitted July 1, 1991.

Filed Oct. 24, 1991.

596

598

Anne L. Saunders, Williamsport, for appellant.

Daniel E. Holmes, Asst. Dist. Atty., Williamsport, for Com., appellee.

Before MONTEMURO, KELLY and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from the judgment of sentence for possession with intent to deliver cocaine, possession of cocaine, possession with intent to deliver marijuana, possession of marijuana and possession of drug paraphernalia. Appellant presents four issues on appeal:

I. WHETHER THE SENTENCING COURT ERRED IN DENYING APPELLANT'S MOTION TO RECUSE WHERE THE COURT HAD, PRIOR TO SENTENCING, REVIEWED A LETTER ALLEGEDLY WRITTEN BY APPELLANT ALLEGING MORAL MISCONDUCT BY THE COURT.

II. WHETHER THE COURT ABUSED ITS DISCRETION AND ERRED IN IMPOSING A MANIFESTLY EXCESSIVE SENTENCE WHERE THE COURT CONSIDERED UNRELATED EVIDENCE ALLEGING APPELLANT'S INVOLVEMENT IN THE DRUG COMMUNITY, WHERE THE COURT HAD PREVIOUSLY REVIEWED A LETTER ALLEGEDLY WRITTEN BY APPELLANT ALLEGING MORAL MISCONDUCT AND

WHERE THE COURT PLACED TOO MUCH EMPHASIS ON THE NATURE OF THE OFFENSE.

III. WHETHER THE MOTIONS COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS EVIDENCE WHERE THE SEARCH OF THE VEHICLE AND THE BAG INSIDE EXCEEDED THE BOUNDS OF THE WARRANT AND WHERE THERE WAS NEITHER PROBABLE CAUSE NOR EXIGENT CIRCUMSTANCES TO JUSTIFY THE SEARCH.

IV. WHETHER THE TRIAL COURT ERRED IN DENYING APPELLANT'S RENEWED MOTION TO SUPPRESS WITHOUT HEARING WHERE EVIDENCE AT TRIAL PROVED THE AFFIDAVIT IN SUPPORT OF PROBABLE CAUSE CONTAINED MATERIAL MISSTATEMENTS OF FACT.[1]

For the reasons that follow, we affirm the judgment of sentence.

Appellant was arrested following the execution of a search warrant at his residence on August 19, 1989. He was charged with multiple counts of controlled substance violations. Prior to trial, appellant moved to suppress the evidence seized at his home, asserting that the search warrant was issued without a showing of probable cause and that the officers executing the search did not sufficiently attempt to locate appellant prior to searching the unoccupied apartment. In the same motion, appellant also sought to suppress admission of a bag containing cocaine that was seized from appellant's car when he returned to the residence while the search was still underway. The Honorable Thomas C. Raup denied the motion to suppress, and appellant was found guilty at a nonjury trial conducted before the Honorable Clinton W. Smith on June 26, 1990. Appellant was convicted of five of the six counts with which he

---

1. We note that appellant's statement of claims is comprised of thirty-one lines, in violation of Pa.R.A.P. 2116. Although we strongly disapprove of such disregard for appellate rules, in the interest of justice, we will nevertheless address all of appellant's claims.

was charged.[2] Thereafter, Judge Smith recused himself, after receiving a letter allegedly written by appellant. Judge Raup replaced Judge Smith and fined appellant a total of $30,000, and sentenced him to consecutive terms of incarceration of five-to-ten years for possession with intent to deliver cocaine, two-to-four years for possession with intent to deliver marijuana, and six-months-to-one year for possession of drug paraphernalia. A concurrent term of incarceration of one-to-three years was imposed for possession of cocaine and possession of marijuana. Appellant's timely post-verdict and post-sentencing motions were denied, and this timely appeal followed.

## I.

Appellant first contends that the sentencing judge should have recused himself after reading a letter allegedly written by appellant. The court's post-sentencing opinion [hereinafter Opinion, February 20, 1991, Raup, P.J.], which denied appellant's motion for reconsideration, provided a thorough description of the events leading up to this contention:

After trial and before sentencing, the defendant addressed a scandalous letter to the trial judge, the purport of which was that unless a lenient sentence were imposed the defendant would release certain outrageous allegations of immoral conduct on the part of members of the County Court system, principally the trial judge. The trial judge immediately provided the letter to the district attorney and new criminal charges were brought against the defendant. Since the trial judge was now a potential witness against the defendant in the new case, the judge recused himself for sentencing purposes. The letter in question attributed illegal conduct to a nonexistent son of the undersigned judge. The request was made that this

2. Appellant was found guilty of possession of cocaine, possession of cocaine with intent to deliver, possession of marijuana, possession of marijuana with intent to deliver and possession of drug paraphernalia. He was found not guilty of criminal attempt (delivery of a controlled substance).

Judge therefore also recuse himself for sentencing purposes.

Opinion, February 20, 1991, Raup, P.J., at 2.

■■■ Our Supreme Court has noted that "[r]ecusal is required whenever there is a substantial doubt as to a jurist's ability to preside impartially." *Commonwealth v. Boyle*, 498 Pa. 486, 490, 447 A.2d 250, 252 (1982) (footnote and citations omitted). The party moving for recusal bears the burden of producing evidence that establishes bias, prejudice or unfairness necessitating recusal. *Commonwealth v. Stanton*, 294 Pa.Super. 516, 522, 440 A.2d 585, 588 (1982) (citations omitted). Furthermore, a judge's decision not to recuse himself will not be disturbed absent an abuse of discretion. *Commonwealth v. Darush*, 501 Pa. 15, 21, 459 A.2d 727, 732 (1983).

■■■ In the instant case, appellant argues that his sentence, "one within the aggravated range of the Sentencing Guidelines, proves a substantial likelihood of unfairness by the sentencing court." Appellant's Brief at 12. Appellant also argues that because the letter contained a personal attack upon all Lycoming County judges, none of those judges, including Judge Raup, could have sentenced appellant with impartiality. However, appellant produces no evidence that Judge Raup was biased or unfair in imposing an aggregate sentence of seven-and-one-half-to-fifteen years. First, Judge Raup stated at the sentencing hearing, "[t]hat letter will play no part in our sentencing here today." N.T., November 14, 1990, at 8. Thus, Judge Raup expressed a belief that he could sentence appellant without being prejudiced by the letter. *See Commonwealth v. Goodman*, 454 Pa. 358, 361, 311 A.2d 652, 654 (1973) (trial judge should recuse himself when he has doubt as to his ability to preside impartially). Moreover, Judge Raup repeatedly refused to hear the Commonwealth's proffered evidence with respect to the letter, concluding it was not appropriate to consider it at the sentencing hearing. N.T., November 14, 1990, at 23–25. Additionally, Judge Raup sufficiently explained his reasons for imposing a sentence in the aggravated range:

It is my judgment that this is a case where there are aggravating circumstances. First of all you have recently been on parole, you were only out for a short period of time when this occurred. The fact that you were on parole and the fact that you were so quickly involved with such serious criminal activity is indicative to the extent you are a danger to the community and extent you have a likelihood to go on with a way of criminal life.

Secondly, as an aggravating circumstance this was a business for you. The evidence presented at trial was overwhelming, that you were delivering this, delivering various drugs, you were doing it for profit....

Third, the type of drug includes crack cocaine which is in and of itself an aggravating circumstance....

Fourth, I see no evidence of remorse on your part and all that does is to offer a likelihood to us that the same thing is going to continue in the future, and to a lessor [sic] degree you have not been a good inmate as far as the security staff is concerned at the prison....

N.T., November 14, 1990, at 26–27. Finally, appellant had an extensive criminal record, resulting in a prior record score of 6. Hence, the sentencing judge did not abuse his discretion by refusing to recuse himself, as there is no evidence that he was biased in imposing a sentence in the aggravated range.[3]

## II.

Appellant next contends that the sentencing court abused its discretion by imposing an aggregate sentence of seven-

**3.** With respect to appellant's argument that all the Lycoming County judges should have recused themselves because they had knowledge of the letter, we find this claim to be without merit and take note of the sentencing court's observation that, "[t]he request was made that this Judge therefore also recuse himself for sentencing purposes. That motion was denied because the attribution was so patently frivolous, and because it is our conviction that a defendant should not, as a matter of policy, be permitted to obtain recusal of all the judges in a county by the device of threatening to accuse them or their families of illegal or immoral behavior." Opinion, February 20, 1991, Raup, P.J., at 2.

and-one-half-to-fifteen years. As a preliminary matter, we note that appellant's brief contains a statement of reasons relied upon for allowance of appeal, and thus it complies with Pa. R.A.P. 2119(f) and *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987). Therefore, we may proceed to a determination of whether, in our discretion, appellant's claims present a substantial question for our review.

### A.

■ Appellant first argues that the sentencing court considered irrelevant evidence when sentencing appellant. We note that appellant raises a substantial question here, because "[i]t is sufficient to render a sentence invalid, if it reasonably appears from the record that the trial court relied in whole or in part on an impermissible factor." *Commonwealth v. Dugan*, 335 Pa.Super. 82, 87, 483 A.2d 965, 968 (1984) (reliance on fact that defendant was naturalized citizen impermissible) (citations omitted).[4] However, after reviewing this claim, we conclude that it is without merit.

Specifically, appellant objects to references made at the sentencing hearing to two individuals—Ms. Harris and Mr. Richard Wilson. Appellant claims that the district attorney was referring to drug transactions for which appellant was not charged. However, the district attorney's references to Ms. Harris and Mr. Wilson pertained to their testimony at appellant's trial. N.T., November 14, 1990, at 18–19. We fail to see how these references indicate that the court considered impermissible evidence, as the district attorney only referred to evidence admitted at appellant's trial.

Furthermore, appellant patches together selective quotes from the sentencing hearing to argue that the court considered unrelated prior allegations.[5] However, the court

4. We have defined substantial question as "a colorable argument that the trial judge's actions were: 1) inconsistent with a specific provision of the Sentencing Code; or 2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Losch*, 369 Pa.Super. 192, 201 n. 7, 535 A.2d 115, 119 n. 7 (1987).

5. The passage to which appellant objects provides:

specifically stated, with regard to those prior allegations, "[y]ou are not charged in those cases, those are not before me in sentencing, you are not sentenced on those...." Thus, the sentencing court recognized that appellant's name had been mentioned in connection with other cases, but, rather than consider this information, the court explicitly stated that it was *not* considering it. Hence, we cannot agree with appellant that the judge considered impermissible factors in imposing his sentence.

## B.

 Appellant also argues that the sentence was manifestly excessive and "based solely on the nature of the offense." Appellant's Brief at 14.[6] Specifically, appellant maintains that his sentence was based solely on the seriousness of the crime. Again, we recognize that a substantial question is presented, since a sentencing court may not base its sentence upon seriousness of the crime alone. *Commonwealth v. Ruffo*, 360 Pa.Super. 180, 188–89, 520 A.2d 43, 48 (1987). However, after reviewing his claim, we conclude that it is unsupported by the record.

 It is well established that sentencing is within the sound discretion of the trial court, and a sentence will not be disturbed by an appellate court unless it is so clearly excessive as to constitute an abuse of discretion. *Id.* at 185, 520 A.2d at 46 (citations omitted). The record indicates that the sentencing court carefully considered not only the pre-

I had indicated preliminarily that your name had come up in two other cases. I feel that as the sentencing judge, I should disclose that in any case to you, I mention that. Those are examples of being involved in drug deliveries. You are not charged in those cases, *those are not before me in sentencing, you are not sentenced on those,* and they are—they really fit into the pattern of testimony that was presented at trial as to the type of deliveries you are making.

N.T., November 14, 1990, at 29 (emphasis added). The portion that we have emphasized was deleted by means of an ellipses from appellant's quote in his brief.

**6.** Appellant also asserts that his case should be remanded for resentencing because the sentencing judge should have recused himself. We have disposed of this argument in part I of this memorandum.

sentence report, but also, appellant's previous convictions and prior record score. N.T., November 14, 1990, at 4–7. Moreover, the court detailed its reasons for sentencing appellant in the aggravated range, noting that the instant crimes were committed while appellant was on parole for only a short period of time, that appellant was engaged in a drug-selling business for profit, rather than to support a substance abuse problem, and that appellant showed no indication of remorse. N.T., November 14, 1990, at 26–27. All of these factors, and not just the nature of appellant's crime, were considered in the court's determination that an aggravated sentence was warranted. Thus, the court did not abuse its discretion by sentencing appellant in the aggravated range.

### III.

Appellant next contends that the the court erred in denying his pre-trial motion to suppress the bag that was seized from his car. Specifically, appellant argues that (1) the warrantless search of the vehicle was illegal; and (2) even if the search of the vehicle was valid, the officers should have obtained a warrant before searching the bag that was seized.

Our standard of review of a court's denial of a motion to suppress evidence that allegedly was obtained in violation of the Fourth Amendment is well-settled:

> [O]ur function as an appellate court reviewing a denial of a motion to suppress is to determine:
>
> > [W]hether the record supports the suppression court's factual findings and the legitimacy of the inferences and legal conclusions drawn from those findings. In making this determination, we consider only the evidence of the prosecution's witnesses and so much of the evidence for the defense as, fairly read in the context of the record as a whole, remains uncontradicted.

*Commonwealth v. Vinson*, 361 Pa.Super. 526, 530, 522 A.2d 1155, 1157 (1987). The relevant facts are as follows.

On August 19, 1989, a search warrant was executed at appellant's residence. The search yielded records detailing drug transactions, scales, vials, baggies, "owe sheets," marijuana seeds, and cash. Appellant was not home, but returned while the search was in progress. The trial court, in its opinion denying appellant's motion to suppress, further elaborated:

> The officers went down to the car. The defendant was in the front passenger seat of the vehicle and another black male was in the driver's seat. With guns drawn, the officers ordered the two individuals to get out of the vehicle. The defendant was subjected to an immediate pat down. A "waist pack" revealed the presence of a large quantity of money and vials containing the suspected cocaine. While the defendant and his companion were at the rear of the car being frisked, one of the officers noticed on the front seat of the vehicle a green bag about one foot by eight inches by two inches in size. The contents of that bag were not visible to the officer.

Trial Court Opinion, April 11, 1990, Raup, P.J., at 7. The officers then seized the bag, and upon searching it, discovered controlled substances.

Appellant argues that the seizure of the bag was unlawful because the search warrant did not specifically provide for the search of the car, there was no independent probable cause that the vehicle contained evidence of a crime, and there were no exigent circumstances present to validate the warrantless search of his automobile. Although appellant is correct in his observations, we do not agree that the search was unlawful, since the bag was taken from the car incident to a lawful arrest.

▆▆▆▆ "When a policeman has made a lawful arrest of the occupant of an automobile ... he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." *Commonwealth v. Jones*, 396 Pa.Super. 304, 307, 578 A.2d 527, 529 (1990) (quoting *New York v. Belton*, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981)), *alloc. denied*, 526 Pa. 647, 585 A.2d 467 (1991).

Moreover, the officer may also examine the contents of any containers found within the passenger compartment. *Commonwealth v. Henry*, 358 Pa.Super. 306, 311, 517 A.2d 559, 564 (1986). In short, "a search incident to the arrest requires no additional justification." *Id.*, 517 A.2d at 564 (citing *United States v. Robinson*, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973)).[7] In the instant case, there is no dispute that appellant's arrest was lawful. Appellant was arrested after the police executed the search warrant in his residence and discovered drugs and drug-related paraphernalia. Moreover, appellant's person was searched, also pursuant to the search warrant, and officers discovered more cash and drugs. Finally, appellant was arrested immediately after stepping out of his car; he was still standing next to the car at the time the bag was removed. Thus, the bag was removed incident to a lawful arrest, and the record supports the trial court's conclusion that the officers lawfully searched the contents of the bag.

## IV.

Finally, appellant contends that the trial court erred in denying his renewed motion to suppress evidence based on

7. We should note that in *Commonwealth v. Timko*, 491 Pa. 32, 417 A.2d 620 (1980) our Supreme Court held that a warrantless search of luggage removed from a vehicle was invalid, where the defendant was handcuffed, and the luggage was in the exclusive control of the police at the time it was searched. This case has never expressly been overruled. However, as we noted in *Commonwealth v. Henry*, 358 Pa.Super. 306, 517 A.2d 559 (1986), *Timko* was based on the United States Supreme Court case of *United States v. Chadwick*, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977). A year after our Supreme Court decided *Timko*, the United States Supreme Court substantially limited the holding of *Chadwick*, in *New York v. Belton*, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981). Based on this turn of events, we opted to follow *Belton*, rather than *Timko* in *Commonwealth v. Henry*, *supra*, and there held that a warrantless search of the passenger compartment of a vehicle, and the contents of containers therein, was valid when it was incident to a lawful arrest. We again recognized this principle in *Commonwealth v. Jones*, 396 Pa.Super. 304, 307, 578 A.2d 527, 529 (1990). Although our Supreme Court has not directly addressed this issue since *Belton* was decided, choosing instead to deny allocatur in *Jones*, we note that our decision in the instant case is based on our cases since *Timko*, which reflect the recent trend in the law on this issue.

information that came to light at trial. Specifically, appellant argues that the affidavit in support of the search warrant contained a misstatement of fact. We disagree.

The portion of the affidavit to which appellant objects provides:

On Aug. 17, 1989 Trooper Ken Hill of the Pa. State Police did relate to your affiant that he Trooper Hill did have a confidential informant (CI) who was working with Tpr. Hill, who did make one controlled purchases [sic] of controlled substances in the last two weeks. Purchases were made at the Mickell residence on Market St., City.

Search Warrant and Affidavit, August 19, 1991. Appellant argues that Trooper Hill testified at trial that he did not make a controlled purchase at the Mickell residence. Rather, he merely observed another individual enter and exit appellant's residence. Appellant further argues that Trooper Hill testified that he never told the affiant that he executed a controlled purchase. Appellant therefore concludes that the affiant made a misstatement of fact in the affidavit, a conclusion that calls into question the affiant's veracity. Hence, appellant contends that all evidence resulting from the search warrant should be suppressed.

■ We cannot agree with appellant's characterization of Trooper Hill's testimony at trial, nor do we agree that Trooper Hill testified that he never related to the affiant the events as stated in the affidavit. Although appellant is technically correct that Trooper Hill testified that he did not make a "controlled purchase" from the Mickell residence, Trooper Hill's testimony goes far beyond stating that he merely "observed" an individual entering and exiting the Mickell residence. First, appellant's counsel cross-examined Trooper Hill as to the statement in the affidavit that is quoted above. After reading that portion of the affidavit to Trooper Hill, counsel asked Trooper Hill, "[d]id you tell Mr. Reed [affiant] that?" Trooper Hill responded, "[t]hat sounds pretty much like what I told Agent Reed." N.T., June 26, 1990, at 87. Thus, appellant is incorrect that

Trooper Hill testified that he did not relate to affiant what is printed in the affidavit.

Secondly, while it is true that Trooper Hill did not execute a controlled purchase *at the Mickell residence,* as the affidavit stated, this misstatement is not fatal. Misstatements of fact in a search warrant affidavit will invalidate a search and require suppression only if they are deliberate and material. *Commonwealth v. Bonasorte,* 337 Pa.Super. 332, 347, 486 A.2d 1361, 1369 (1984) (citing *Commonwealth v. Tucker,* 252 Pa.Super. 594, 599, 384 A.2d 938, 944 (1978)). *See also Commonwealth v. Zimmerman,* 282 Pa.Super. 286, 296, 422 A.2d 1119, 1124 (1980) ("appellant must establish that the police (1) made a misstatement, which is both (2) deliberate and (3) material"). A material fact is defined as "one without which probable cause to search would not exist." *Commonwealth v. Jones,* 229 Pa.Super. 224, 230, 323 A.2d 879, 881 (1974), *alloc. denied,* 229 Pa.Super. xxxv. *See Commonwealth v. Gullett,* 459 Pa. 431, 435, 329 A.2d 513, 515 (1974) (court should omit misstatement to determine whether affidavit supports probable cause); *see also Commonwealth v. Yucknevage,* 257 Pa.Super. 19, 24, 390 A.2d 225, 227 (1978) (whether misstatement in affidavit is material determined by whether statement was essential to search warrant application).

Although the statement in the affidavit is technically incorrect, with respect to where the controlled purchase was executed, it is otherwise an accurate representation of Trooper Hill's use of a confidential informant. Trooper Hill testified at appellant's trial that the informant with whom he was working was attempting to make a controlled purchase from two other suspects, that the informant was searched and provided with marked money prior to making the purchase, that surveillance was maintained on the suspects' residence, and that an individual who left the suspects' residence was followed to the Mickell residence, which he entered and exited within a few minutes. He then returned to the suspects' residence. Trooper Hill's informant emerged shortly thereafter, turned over four plastic

packets containing cocaine and related that it had been obtained by the individual who temporarily left the suspects' residence and went to appellant's residence. N.T., June 26, 1990, at 83–92. Therefore, the disputed portion of the affidavit can hardly be deemed a material misstatement.

Furthermore, appellant offers no evidence that the affiant deliberately mischaracterized the events related to him by Trooper Hill. In *Commonwealth v. Jones*, 229 Pa.Super. 224, 323 A.2d 879 (1974), we noted that it is desirable to distinguish between deliberate, material misstatements and those not intentionally made because "warrants are ordinarily drafted in haste from sketchy notes, and minor discrepancies are virtually unavoidable." *Id.*, 229 Pa.Superior Ct. at 230, 323 A.2d at 881. Appellant does not argue, nor is there any evidence, that the instant affiant intentionally misrepresented the facts as related to him by Trooper Hill.

Finally, even if we were to excise the entire portion of the affidavit referring to Trooper Hill's controlled purchase, there would still be probable cause to support issuance of the search warrant. "Probable cause exists when the magistrate is presented with evidence which would cause a reasonable man to believe that a crime is being, or is about to be committed." *Commonwealth v. Baker*, 513 Pa. 23, 28, 518 A.2d 802, 805 (1986). The affidavit states that the affiant also used a confidential informant to make a controlled purchase of cocaine from appellant. It details how the confidential informant was searched prior to the purchase, given marked money, and watched entering and exiting appellant's residence. Immediately thereafter, the confidential informant turned over a quantity of cocaine. These facts provide adequate probable cause to support the issuance of a search warrant. Accordingly, the trial court did not err in denying appellant's motion to suppress the evidence obtained by the search warrant.

For the foregoing reasons, we affirm the judgment of sentence. Judgment of sentence affirmed.