OLSZEWSKI, Judge,
concurring and dissenting.
I concur in the majority’s analysis of the checkpoint’s constitutionality, and its conclusion that both Kendall and Peek were properly arrested for DUI. I write separately to voice my disagreement with the majority’s decision to reverse Kendall’s conviction for possessing marijuana.
The majority holds that while the police officer could conduct a post-arrest search of Kendall, the scope of that search was limited to discovering weapons or further evidence relating to the DUI offense. Because the officer could not expect to find any such evidence in Kendall’s small change purse, the majority holds that this part of the search was unreasonable, and the marijuana eiga- *700 rettes found in the change purse should be suppressed. The majority distinguishes two similar cases on their facts, and declines to extend the search incident to arrest exception to the present circumstances. Infra at 699.
We need not extend the search incident to arrest doctrine to the present circumstances, because it has already been extended for us by both the United States and Pennsylvania Supreme Courts. The U.S. Supreme Court provided the authoritative interpretation of the Fourth Amendment more than twenty years ago:
The authority to search the person incident to a lawful custodial arrest, while based upon the need to disarm and to discover evidence, does not depend on what a court may later decide was the probability in a particular arrest situation that weapons or evidence would in fact be found upon the person of the suspect. A custodial arrest of a suspect based upon probable cause is a reasonable intrusion under the Fourth Amendment; that intrusion being lawful, a search incident to the arrest requires no additional justification.
United States v. Robinson, 414 U.S. 218, 235, 94 S.Ct. 467, 477, 38 L.Ed.2d 427 (1973) (emphasis added). The search incident to arrest has thus become a carved-out exception to the Fourth Amendment.
Our Supreme Court, of course, can interpret Article I, Section 8 of the Pennsylvania Constitution to provide broader protections than the Fourth Amendment. See, e.g., Commonwealth v. Edmunds, 526 Pa. 374, 586 A.2d 887 (1991). Our high court has chosen to interpret our Constitution’s search and seizure provision in an equivalent manner. See Commonwealth v. Holzer, 480 Pa. 93, 100-102 n. 5 and n. 6, 389 A.2d 101, 105-106 n. 5 and n. 6 (1978); Commonwealth v. Timko, 491 Pa. 32, 37 n. 3, 417 A.2d 620, 622 n. 3 (1980).
Timko involved a search of closed container in an automobile passenger compartment. Our high court held that the search was not incident to an arrest, and suppressed the evidence found in the container on the basis of federal automobile search cases which predated Robinson. Id. at 38, 417 A.2d at 623. This holding suggested the possibility that our Supreme Court might have intended to interpret Article I Section 8 of our Constitution more broadly than the Fourth Amendment. We considered and rejected this possibility in Commonwealth v. Henry, 358 Pa.Super. 306, 517 A.2d 559 (1986). We hewed instead to established precedent, holding that “a search incident to a lawful arrest requires no other justification in order to be valid under Article I, Section 8 of the Pennsylvania Constitution.” Id. at 315, 517 A.2d at 564.
More recently, we have considered our Supreme Court’s tacit approval of the Superior Court’s line of cases following federal precedent, thus implicitly retreating from Timko while reiterating the carved out nature of the search incident to arrest exception articulated in Robinson and Henry. Commonwealth v. Mickell, 409 Pa.Super. 595, 607 n. 7, 598 A.2d 1003, 1009 n. 7 (1991) alloc. denied, 531 Pa. 638, 611 A.2d 711 (1992). Thus, our caselaw provides no suggestion that a search incident to arrest requires any more justification under Pennsylvania law than federal law.
Doubtless these and any particular search incident to arrest cases can be distinguished from the present case on their facts. But we need not reason by analogy and distinction when such a clear and authoritative rule has been laid out for us. I would presume that the Commonwealth cited no other authority in its brief because the exception is a bright-line standard which has been settled law for over twenty years.[1] I believe that by limiting the scope of Kendall’s post-arrest search, the majority has engaged in precisely the sort of analysis foreclosed by the Supreme Court’s decision in Robinson. Because I believe that Robinson speaks clearly on this issue, and we are constrained to follow its authority, I cannot join this portion of the majority’s holding.
I respectfully dissent.

. The Commonwealth's brief cites to both Henry and Mickell, but does not expound on the categorical nature of the search incident to arrest exception as set forth in Robinson.