## Commonwealth v. Rodriguez

*Alisa R. Hobart, assistant district attorney,* for Commonwealth.

*Abby L. Rigdon,* for defendant.

BUCCI, *J.,* January 22, 2008—

## PROCEDURAL HISTORY

On July 25, 2007, appellant was found guilty following a jury trial of two counts of possession with intent to deliver a controlled substance,[1] two counts of possession of a controlled substance,[2] and four related counts of conspiracy.[3] These charges were based on the seizure of a significant quantity of cocaine and marijuana that was found on appellant's person and on the person of two other defendants at 311 North 10th Street, Reading, PA. On September 26, 2007, he was sentenced to an aggregate sentence of nine to 20 years incarceration. Appellant then filed a timely post-sentence motion, which was denied. On October 26, 2007, appellant filed a notice of appeal to the Pennsylvania Superior Court and this court ordered appellant to file a concise statement of errors complained of on appeal, pursuant to Pennsylvania Rules of Appellate Procedure 1925(b). Appellant filed a concise statement on November 1, 2007, raising the following issues:[4]

---

1. 35 P.S. §780-113(a)(30)

2. 35 P.S. §780-113(a)(16)

3. 18 Pa.C.S. §903(a)(1).

4. Although appellant filed a concise statement on November 1, 2007, transcripts of the relevant proceedings were not completed until January 11, 2008 and were not made available to this court until January 17, 2008.

(1) The trial court erred in denying suppression of evidence when it failed to redact misinformation contained within the search warrant probable cause when it was information about a completely different person with the same name as the defendant (a fact that was not contested by the Commonwealth) that if properly redacted would have left the search warrant unsupported by probable cause and therefore invalid.

(2) The trial court erred when sentencing on conspiracy to commit possession with intent to deliver cocaine when it applied an offense gravity score of eight based on the weight of drugs that combined what was found on the defendant's person with that of a co-defendant (Garcia) despite the specific jury verdict that defendant possessed with intent to deliver only the cocaine found on his person which would have resulted in an offense gravity score of seven and lower standard ranges.

(3) The trial court abused its discretion in sentencing to an extensive sentence that failed to account for the defendant's personal circumstances and other required sentencing factors and was merely punitive in nature.

## DISCUSSION

### I. *Suppression of Evidence*

Appellant first argues that the evidence in this case should have been suppressed because the search warrant contained incorrect information.

In reviewing a decision to admit or suppress evidence, the reviewing court must ascertain whether the record supports the factual findings of the suppression court and

then determine the reasonableness of the inferences and legal conclusions drawn from those findings. *Commonwealth v. Ryerson,* 817 A.2d 510, 513 (Pa. Super. 2003) (citing *Commonwealth v. Johnson,* 734 A.2d 864, 869 (Pa. Super. 1999)). It will consider only the evidence of the Commonwealth and any defense evidence which remains uncontradicted when read in the context of the entire record. *Id.*

Both the United States Constitution and the Pennsylvania Constitution prohibit unreasonable searches and seizures. See U.S. Constitution Amendment IV; Pa. Constitution Article I, Section 8. In determining whether a search and seizure conducted pursuant to a search warrant was unreasonable, the question is whether probable cause existed to issue the search warrant. See Pa.R.Crim.P. 2003(a) ("[n]o search warrant shall issue but upon probable cause supported by one or more affidavits sworn to before the issuing authority").

"The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Commonwealth v. Clark,* 412 Pa. Super. 92, 96, 602 A.2d 1323, 1325-26 (1992), *appeal denied, Commonwealth v. Clark,* 533 Pa. 606, 618 A.2d 398 (1992), *cert. denied, Pennsylvania v. Clark,* 507 U.S. 1030 (1993).

"In *Franks v. Delaware,* 438 U.S. 154 (1978), the Supreme Court held a defendant may attack the issuance of a warrant if based on untruthful information. *Id.* at

171. In requiring a truthful basis for the issuance of a warrant, the court explained, *'[t]his does not mean "truthful" in the sense that every fact recited in the warrant affidavit is necessarily correct,* for probable cause may be founded upon hearsay and upon information received from informants, as well as upon information within the affiant's own knowledge that sometimes must be garnered hastily.' *Id.* at 165. To succeed in attacking a warrant, a defendant must come forward with 'allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof.' *Id.* at 171." *Commonwealth v. Gomolekoff,* 910 A.2d 710, 715 (Pa. Super. 2006).

Stated another way, "[m]isstatements of fact in a search warrant affidavit will invalidate a search and require suppression only if they are deliberate and material." *Commonwealth v. Mickell,* 409 Pa. Super. 595, 609, 598 A.2d 1003, 1010 (1991).

Here, in the affidavit of probable cause supporting the search warrant for 311 North 10th Street, Reading, Pennsylvania, Criminal Investigator Edward Heim stated that records kept by the Pennsylvania Department of Transportation listed a Hector Rodriguez, DOB 10/21/84, as an occupant of the residence located at 311 North 10th Street and that a search of police records indicated that six days previously a Hector Rodriguez, DOB 10/21/84, was shot multiple times near that residence and that Mr. Rodriguez had on his person 16 packets of crack cocaine.

It is undisputed that the appellant herein was born in 1966, not 1984, and that he was not shot multiple times. Accordingly, appellant contends that the paragraph in the affidavit of probable cause regarding Hector Rodriguez,

DOB 10/21/84, is misinformation. However, appellant has failed to prove that the PennDOT and police records referenced were false or fabricated or that they did not refer to events that actually occurred. Appellant presented no evidence that a Hector Rodriguez, DOB 10/21/84, did not reside at 311 North 10th Street, even though he was not present when police searched the residence.

Furthermore, even if the information appellant refers to was false, appellant has failed to establish that the misstatement was deliberate or material. Even if this court had redacted the paragraph at issue, there was still sufficient probable cause to support the search warrant. Page four of the affidavit of probable cause details a controlled purchase of crack cocaine by a confidential informant from a resident of 311 North 10th Street within 48 hours of the application for a search warrant. C.I. Heim also observed what he believed to be additional drug sales from the residence while conducting surveillance of that location. Although appellant argues that C.I. Heim failed to establish the reliability of his confidential informant, reading the affidavit of probable cause in a "practical, commonsense" manner, this court finds that the confidential informant whose reliability is described in detail on page three of the affidavit of probable cause is logically the same confidential informant who performed the controlled buy described on page four of that same document. This information standing alone was sufficient to establish probable cause that contraband would be found at 311 North 10th Street.

Thus, for all the above reasons, this court finds that appellant's first issue is without merit and should be denied.

## II. *Offense Gravity Score*

Appellant next argues that this court erred in sentencing appellant on the charge of conspiracy to commit possession with intent to deliver (cocaine) when it applied an offense gravity score based on the weight of drugs found on the defendant's person *and* the weight of the cocaine found on the person of appellant's co-defendant's, Joseph Garcia.

On the charge of possession with intent to deliver a controlled substance (cocaine), the jury made a specific finding that appellant possessed with intent to deliver only that cocaine found on his person.

On the charge of conspiracy to commit possession with intent to deliver a controlled substance (cocaine), the jury made a specific finding that appellant conspired with both Joseph Garcia and Treymane Godbolt to sell cocaine. However, the jury also made a specific finding that the cocaine possessed by Godbolt was for personal use only. Garcia entered a guilty plea before this court, admitting to possessing both cocaine and marijuana with the intent to sell them and to conspiring with his co-defendants to do so. *Commonwealth v. Garcia,* CP-06-CR-0005738-2006.

Appellant argues that because the jury found that he possessed with the intent to sell only that cocaine which he possessed on his own person, this court erred in considering the cocaine possessed by one of appellant's co-conspirators when sentencing him on the related conspiracy charge. However, this court believes that appellant is confusing the extent of his liability for the possession with intent to deliver (cocaine) conviction

with his liability for the conspiracy to commit possession with intent to deliver (cocaine) conviction.

The jury may have found that appellant only possessed the cocaine on his person, that is, that he only exercised control over that specific cocaine. However, the jury also found that appellant conspired with both Garcia and Godbolt to sell cocaine, in other words, that they agreed to assist each other in the common enterprise of dealing drugs and carried out at least one overt act in furtherance of their plan. Accordingly, appellant is liable for the acts of his co-conspirators, as well as his own. See *Commonwealth v. Johnson,* 920 A.2d 873, 879 (Pa. Super. 2007) ("Even if the conspirator did not act as a principal in committing the underlying crime, he is still criminally liable for the actions of his co-conspirators in furtherance of the conspiracy."). He is liable for any cocaine Garcia possessed with the intent to sell in furtherance of the parties' conspiracy.

Therefore, this court did not err in considering the amount of cocaine possessed by appellant's co-conspirator, Joseph Garcia, in determining an appropriate sentence for appellant.

### III. *Sentencing*

Lastly, appellant claims that his sentence is excessive and that this court did not properly consider a number of sentencing factors, including appellant's personal circumstances.

An appellant has no absolute right to appellate review of his sentence. 42 Pa.C.S. §9781; *Commonwealth v. Mouzon,* 571 Pa. 419, 812 A.2d 617 (2002). Rather, the appellant may have his sentence reviewed on appeal only

if the Superior Court determines that "there is a substantial question that the sentence imposed is not appropriate under the sentencing code." *Commonwealth v. Bromley,* 862 A.2d 598, 604 (Pa. Super. 2004), *appeal denied,* 584 Pa. 684, 881 A.2d 818 (2005), *cert. denied, Bromley v. Pennsylvania,* 126 S.Ct. 1089 (U.S. 2006); *Commonwealth v. Mouzon,* 571 Pa. 419, 435, 812 A.2d 617, 627 (2002).

For a substantial question to exist, appellant must state reasons that create doubt that this court sentenced appellant without appropriately considering the sentencing guidelines or the norms underlying the sentencing process. *Commonwealth v. Mouzon,* 571 Pa. 419, 435, 812 A.2d 617, 627 (2002); see also, *Commonwealth v. Koehler,* 558 Pa. 334, 737 A.2d 225 (1999).

"An appellant's contention that the trial court did not adequately consider a mitigating circumstance when imposing sentence does not raise a substantial question sufficient to justify appellate review of the merits of such claim." *Commonwealth v. Ladamus,* 896 A.2d 592, 595 (Pa. Super. 2006).

Here, this court concludes that there is no substantial question about the appropriateness of appellant's sentence because this court carefully considered the guidelines, as well as all relevant sentencing factors before imposing a reasonable sentence on appellant that was within the standard range.

However, even assuming, arguendo, that a substantial question has been raised, the judgment of sentence should still be affirmed.

A sentence will not be overturned unless the record shows a manifest abuse of discretion, which is more than

mere error in judgment. *Commonwealth v. Redman,* 864 A.2d 566, 569 (Pa. Super. 2004), *appeal denied,* 583 Pa. 661, 875 A.2d 1074 (2005), quoting *Commonwealth v. Cunningham,* 805 A.2d 566, 575 (Pa. Super. 2002). A manifest abuse of discretion may be found only where the record establishes that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, or ill will, or arrived at a manifestly unreasonable decision. *Commonwealth v. Rodda,* 723 A.2d 212, 214 (Pa. Super. 1999).

The decision of the sentencing judge should be given great deference since he is in the best position to view the defendant and evaluate the individual circumstances of the case. See *Commonwealth v. Walls,* 592 Pa. 557, 926 A.2d 957 (2007). A sentence should not be disturbed where it is evident that the sentencing court was aware of sentencing considerations and weighed the considerations in a meaningful fashion. *Commonwealth v. Devers,* 519 Pa. 88, 546 A.2d 12 (1988). Here, this court did just that.

At the time of sentencing, the sentencing guidelines were placed on the record in accordance with 42 Pa.C.S. §9721(d). Additionally, despite appellant's assertions to the contrary, this court carefully considered appellant's extensive prior record; the nature of the crimes; the need to protect the community and deter similar future conduct; the recommendations of the district attorney and defense counsel; and appellant's personal characteristics and potential to rehabilitate. This court stated:

"I've taken into consideration everything that was said today. I have taken into consideration the pre-sentence report. I have taken into consideration, as indicated by the district attorney, the defendant indicated that he has

no history of drug abuse, and in light of the fact that the defendant has numerous convictions for possession with intent to sell drugs, and convictions before the court today, I agree with the district attorney that this is a defendant who is in the business of selling drugs to others and he is not doing it to support his own habit as I see often in this court.

"The defendant is 40 years old. I have taken into consideration that the defendant has a serious prior record score going back to 1983. He has had 18 convictions spanning two and a half decades. The defendant is a career criminal. I think that rehab without a lengthy prison sentence is unlikely. I think in order to deter the defendant's criminal conduct, a long prison sentence is necessary, and I am going to follow the district attorney's recommendation." Notes of testimony, sentencing hearing, 9/26/07, at 17-18.

As is noted on the record, this court read appellant's pre-sentence investigation report and was aware of appellant's individual rehabilitative needs and mitigating circumstances. However, appellant's extensive prior record, including 18 convictions, many of them for drug related offenses, indicated that he has failed to take advantage of frequent opportunities to rehabilitate and instead continues to victimize the community. Under these circumstances, this court concluded that appellant was a poor candidate for rehabilitation and that extended incarceration and supervision were necessary to protect the public from further crimes.

Appellant's sentence was neither unreasonable nor an abuse of discretion, and his claims that his sentence is excessive must be denied.

## CONCLUSION

For the reasons stated above, this court respectfully requests that appellant's allegations of error should be denied and his judgment of sentence affirmed.