J.S45041/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| BRANDON JAMES MORRISON, | : | |
| | : | |
| Appellant | : | No. 279 MDA 2015 |

Appeal from the Order January 22, 2015
In the Court of Common Pleas of Perry County
Criminal Division No(s).: CP-50-CR-0000043-2014

BEFORE: BOWES, WECHT, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                **FILED JULY 21, 2015**

Appellant, Brandon James Morrison, appeals from the order[1] entered in the Perry County Court of Common Pleas, revoking his parole and remanding him to jail for the remainder of his sentence. Appellant argues the trial court abused its discretion in re-sentencing him to the remainder of his sentence. We affirm.

On April 10, 2014, Appellant pleaded guilty to four counts of statutory sexual assault[2] for engaging in sexual intercourse with a fifteen-year-old. At

---

[*] Former Justice specially assigned to the Superior Court.

[1] Appellant purported to appeal from the judgment of sentence. As we discuss *infra*, he appeals from the order revoking his parole. We have amended the caption accordingly.

[2] 18 Pa.C.S. § 3122.1(a)(1).

the time, Appellant was twenty-one years old.  On May 1, 2014, the trial court imposed concurrent sentences of six to twenty-three months' incarceration.[3]  As a condition of his sentence, he was to have no contact with the victim.  Appellant did not take an appeal from this sentence.

The docket shows that on October 20, 2014, Appellant was released on parole.  On January 22, 2015, the trial court held a hearing during which the probation officer stated Appellant was previously "in court on December 18, 2014, for violations of his probation."[4]  Appellant was at the victim's home.  The trial court "sentenc[ed]" him to "time served to the balance of his term sentence."  Order, 12/23/14.  The court's order stated: "[Appellant] is reminded that he shall have NO contact with the victim or her family in this case, and the Court is strongly suggesting that his grandparents send [the victim] a No-Trespass/No Contact letter."  *Id.*

Shortly thereafter, Appellant violated the terms of the December 18, 2014 order by having contact with the victim through an online messaging program.  N.T. at 3.  Directly following the hearing on January 22, 2015, the trial court issued the underlying order, which revoked Appellant's parole and remanded him to prison to serve the balance of his sentence.  Order,

---

[3] The sentencing order merely stated Appellant must serve "a minimum of six (6) months, a maximum of twenty-three (23) months.  These sentences shall run concurrent to each other for a total period of six (6) to twenty-three (23) months."  Order, 5/5/14.  The order did not specify how many concurrent sentences were imposed.  *Id.*

[4] We note Appellant's underlying sentence did not include a probation term.

1/26/15.

On January 27, 2015, Appellant filed a post-sentence motion, which the trial court denied on January 29. On February 11, 2015, he filed a notice of appeal. That same day, the trial court ordered him to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal within twenty-five days. Fifty-four days later, on April 6, 2015, Appellant filed a Pa.R.A.P. 1925(b) statement.[5]

Appellant raises the following issue for our review:

> Did the trial court abuse [its] discretion in re-sentencing [Appellant] to the balance of his term sentence of twenty-three months?

Appellant's Brief at 10. He argues the trial "court abused [its] discretion in

---

[5] We note Barbara L. Wevodau, Esq., failed to file Appellant's Pa.R.A.P. 1925(b) statement in a timely manner. Our Supreme Court previously held "that untimely filing of the 1925 concise statement resulted in waiver of all issues on appeal and mandates dismissal of the appeal." **Commonwealth v. Burton**, 973 A.2d 428, 430 (Pa. Super. 2009). However, the "Court adopted significant amendments to Rule 1925,[ ] including a provision to remedy criminal defense counsel's failure to file a 1925 statement as ordered." **Id.** Rule 1925(c)(3) now states, "If an appellant in a criminal case was ordered to file a Statement and failed to do so, such that the appellate court is convinced that counsel has been *per se* ineffective, the appellate court shall remand for the filing of a Statement *nunc pro tunc* and for the preparation and filing of an opinion by the judge." **Id.** at 430-31. This Court has stated that the untimely filing of a Pa.R.A.P. 1925(b) "statement is the equivalent of a complete failure to file. Both are *per se* ineffectiveness of counsel[ ] from which appellants are entitled to the same prompt relief." **Id.** at 433. Under these circumstances, "this Court may decide the appeal on the merits if the trial court had adequate opportunity to prepare an opinion addressing the issues being raised on appeal." **Id.** Here, the trial court issued an opinion addressing Appellant's claim. Final Mem., 4/30/15. Accordingly, we decline to find waiver. **See id.**

re-sentencing" him, and "that the re-sentence to [the] balance of his term was unduly harsh."[6]  *Id.*  He emphasizes the fact that "the victim willingly participat[ed]" in the contact and that he "was willing to get an evaluation to address his medication needs for his impulsive behavior."  *Id.* at 11. Appellant further stated to the court that he "made a mistake" and would like "another chance."  *Id.*  We find no relief is due.

In its brief, the Commonwealth argues "Appellant may not challenge the discretionary aspect of his sentence imposed following a recommitment order based upon a revocation of parole."  Commonwealth's Brief at 2. Further, "[a]ssuming without admitting that the discretionary aspects of his sentence is otherwise reviewable, Appellant waived his argument by failing to include in his brief a statement under Pa.R.A.P. 2119(f), or to raise a substantial question, and the [trial] court was well within its discretion in sentencing to the balance of [his] 23 month sentence where he violated his parole the day after an initial violation was adjudicated."  *Id.* at 2-3.

This Court reviewed an issue similar to the one at hand in *Commonwealth v. Snavely*, 982 A.2d 1244 (Pa. Super. 2009).  In *Snavely*, the trial court revoked parole and "sentenced [the defendant] to the unexpired balance of his original maximum sentence . . . subject to

---

[6] We note the brief misstates multiple case names and citations.  For example, counsel cites "*Commonwealth v. Mitchell*, 598 A.2nd 1003, 409 Pa. Super., 595 SAuper.1991, appeal denied, 611 A.2nd 711, 531 {a.638 [sic]."  Appellant's Brief at 10.  The correct citation is *Commonwealth v. Mickell*, 598 A.2d 1003 (Pa. Super. 1991).

immediate release on parole upon enrollment in the sex offender treatment program." *Id.* at 1245 (emphasis removed). The defendant appealed to this Court arguing his sentence was "manifestly unreasonable" under the Sentencing Code. *Id.* We explained:

> Before we address this issue, we note [the defendant] need not demonstrate a substantial question as required by the Sentencing Code,[ ] 42 Pa. C.S.A. § 9781(b) (Appellate review of sentences) and Pa.R.A.P. 2119(f) (Discretionary aspects of sentences). We have previously pointed out:
>
> > Clearly, the order revoking parole does not impose a new sentence; it requires appellant, rather, to serve the balance of a valid sentence previously imposed. Moreover, such a recommittal is just that—a recommittal and not a sentence . . . . Therefore, an appellant contesting a revocation of parole need not comply with the provisions of Pa.R.A.P. 2119(f) by first articulating a substantial question regarding the discretionary aspects of sentencing.
> >
> > "Following parole revocation and recommitment, the proper issue on appeal is whether the revocation court erred, as a matter of law, in confinement." [The defendant], however, has not challenged the recommitment aspect of the trial court's parole revocation order, and, therefore, he has waived it on appeal.

*Id.* at 1246 (citations omitted).

Instantly, we agree with the Commonwealth that Appellant now improperly claims the trial court abused its discretion in "re-sentencing" him to the balance of his sentence. *See id.* Appellant does not dispute the revocation of his parole or deny the conduct upon which the revocation is based, but rather challenges the length of his term of re-imprisonment. We

- 5 -

hold no relief is due, as the court did not impose a new sentence, but rather ordered him to serve the "valid sentence previously imposed." ***See id.***

Finding no basis for relief, we affirm.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/21/2015