**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RAYMOND L. WALKER | : | |
| | : | |
| Appellant | : | No. 966 WDA 2019 |

Appeal from the Judgment of Sentence Entered April 23, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0007604-2018

BEFORE:  BOWES, J., LAZARUS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                **FILED DECEMBER 11, 2019**

The Appellant, Raymond L. Walker (Walker), appeals the judgment of sentence entered on April 23, 2019, by the Allegheny County Court of Common Pleas (trial court).  Walker contends that the trial court erred in failing to consider all statutory sentencing factors when imposing a prison term of three to six years following his guilty plea to one count of possession of a firearm by a prohibited person.[1]  The subject order is affirmed.

**I.**

Walker pled guilty to possession of a weapon by a prohibited person in April 2019.  He admitted that a prior felony conviction made him ineligible to

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 6105(A)(1).

possess a firearm, but that he nevertheless did so in March 2018. Walker explained at his sentencing hearing that he was intoxicated at the time of the offense, having just celebrated his mother's birthday at an outdoor park.

According to his testimony, he found the subject firearm while walking alone on a bike path, at first believing it was an air pistol. Before he could call the police to report his finding of a weapon, he fell off a cliff, suffering serious injuries requiring medical attention. After a security officer at the hospital discovered the firearm during intake, he was arrested and charged with possession of a firearm by a prohibited person.

In exchange for his guilty plea, the Commonwealth withdrew a second charged weapon offense. Prior to the sentencing hearing, Walker submitted a pre-sentence report showing his ties to the community and other evidence, such as letters of support from friends and family. Following the presentation of those materials, the trial court imposed a prison term of three to six years and explained on the record how it arrived at that sentence:

> I must reject probation because of the character of the defendant as well as the nature of the crime. And I do find that your crime and the circumstances that surround it demand correctional treatment that can be provided only by commitment to an institution. Any lesser sentence would be to diminish the seriousness of the crime which you've been convicted. I also find that a state prison sentence is required to deter both you and those similarly situated in this matter. . . . But you have to understand, Mr. Walker, that firearms offenses are among those that this Court takes most seriously. Can't have it.

Sentencing Hearing, 4/23/2019, at 10-11.

The trial court expressly took "into consideration the pre-sentence report and the statement of [Walker's] character references." *Id*. at 10. The trial court also expressly declined to impose probation, reasoning that "after this sentence, [Walker is not] going to have any desire or temptation to run afoul of law enforcement again." *Id*. Throughout the explanation for the sentence, the trial court referred to Walker's age, medical condition and the contents of letters filed by character witnesses on his behalf. *Id*. at 10-12.

The trial court later denied Walker's post-sentence motions. Walker timely appealed, and both Walker and the trial court complied with Pa.R.A.P. 1925.

Walker now argues that the trial court misapplied the law and imposed an excessive sentence by ignoring statutory sentencing factors and only considered the gravity of the offense. *See* Appellant's Brief, at 10-11. He frames the question before as follows: "Was the Sentencing Court's sentence of thirty-six to seventy-two months of incarceration an abuse of its discretion in light of substantial mitigating evidence?" *Id*. at 3. Moreover, he argues in his Pa.R.A.P. 2119(f) statement that he has raised a discretionary sentencing issue that poses a "substantial question" for this court's consideration. *Id*. at 9-11.

The Commonwealth asserts that Walker's claim cannot be reviewed because it only involves a discretionary aspect of the sentence and not a misapplication of law. *See* Appellee's Brief, at 6-9. Relying solely on its

ground that this Court lacks jurisdiction, the Commonwealth does not address the merits of Walker's claim.

## II.

As Walker acknowledges, a trial court exercises discretion when imposing a sentence that falls within the applicable statutory guidelines. This discretionary aspect of sentencing is only reviewable if an appellant can satisfy a four-part test:

> (1) Whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

**Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa. Super. 2006).[2]

Here, Walker has clearly satisfied the first three parts of the test by timely filing a notice of appeal, filing a post-sentence motion, and submitting an appellate brief in accordance with the applicable procedural rules. The part of the test in dispute is whether Walker raised a "substantial question" in arguing that the trial court abused its discretion by imposing an excessive

---

[2] The fourth part of the test, raising a substantial question, is mandated by 42 Pa.C.S. § 9781(b), which provides that review of discretionary aspects of an appeal may be granted, "where it appears that there is a substantial question that the sentence imposed is not appropriate under this chapter."

sentence and not considering or referencing statutory sentencing factors listed in 42 Pa.C.S. § 9721(b).

"[O]rdinarily, a claim that the sentencing court failed to consider or accord proper weight to a specific sentencing factor *does not* raise a substantial question." **Commonwealth v. Berry**, 785 A.2d 994, 996–97 (Pa. Super. 2001) (internal citation omitted) (emphasis in original); **see generally Commonwealth v. Griffin**, 65 A.3d 932, 936–37 (Pa. Super. 2013) (collecting cases where trial court's failure to consider defendant's rehabilitative needs did not raise a substantial question); **see also Commonwealth v. Disalvo**, 70 A.3d 900, 903 (Pa. Super. 2013) ("[T]his Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review.") (internal citation omitted).

However, based on our opinion in **Commonwealth v. Caldwell**, 117 A.3d 763 (Pa. Super. 2015), Walker has raised a substantial question which invokes appellate review. Initially, in **Caldwell**, we noted that "prior decisions from this Court involving whether a substantial question has been raised by claims that the sentencing court 'failed to consider' or 'failed to adequately consider' sentencing factors [have] been less than a model of clarity and consistency." 117 A.3d at 769-70 (quoting **Commonwealth v. Seagraves**, 103 A.3d 839, 842 (Pa. Super. 2014)). However, we went on to explain that, although the lack of consideration of rehabilitative needs has often not

triggered our jurisdiction, *see Caldwell*, 117 A.3d at 769, "an excessive sentence claim – in conjunction with an assertion that the court failed to consider mitigating factors – raises a substantial question." *Id*. at 770 (quoting *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) and *Commonwealth v. Perry*, 883 A.2d 599, 602 (Pa. Super. 2005)).

As the appellant did in *Caldwell*, Walker has asserted that the trial court imposed an excessive sentence after failing to consider mandatory sentencing factors. Contrary to the Commonwealth's conclusion that Walker's claim is "quite frankly, ridiculous," Appellee's Brief, at 9, he has presented a substantial question that this Court may address on the merits. *See Commonwealth v. Ritchey*, 779 A.2d 1183, 1186 (Pa. Super. 2001) ("Appellant's claims that the sentencing court provided insufficient reasons for the sentence imposed and focused solely on the seriousness of the offense raise substantial questions").

### III.

### A.

Once it is determined that a challenge to a sentence raises a substantial question, a sentence may be overturned as an abuse of discretion if the trial court failed to comply with the general procedures outlined in the Sentencing Code:

> **(a) General rule.—**In determining the sentence to be imposed the court shall, except as provided in subsection (a.1), consider and select one or more of the following alternatives, and may impose them consecutively or concurrently:

(1) An order of probation.

(2) A determination of guilt without further penalty.

(3) Partial confinement.

(4) Total confinement.

(5) A fine.

(6) County intermediate punishment.

(7) State intermediate punishment.

\* \* \*

**(b) General standards.—**In selecting from the alternatives set forth in subsection (a), the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. The court shall also consider any guidelines for sentencing and resentencing adopted by the Pennsylvania Commission on Sentencing and taking effect under section 2155 (relating to publication of guidelines for sentencing, resentencing and parole and recommitment ranges following revocation). **In every case in which the court imposes a sentence for a felony or misdemeanor,** modifies a sentence, resentences an offender following revocation of probation, county intermediate punishment or State intermediate punishment or resentences following remand, **the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed.**

42 Pa. C.S. § 9721(a), (b) (emphases added); *see Commonwealth v. Ruffo*, 520 A.2d 43 (Pa. Super. 1987) (vacating sentence where trial court did not adequately put reasons for the sentence on the record as required by § 9721); *see also Commonwealth v. Mickell*, 598 A.2d 1003, 1008 (Pa. Super.

- 7 -

1991) (holding that the sentencing court may not base its sentence upon the seriousness of the crime alone).

"[A] sentence may be unreasonable if the sentencing court fails to consider the factors set forth in § 9721(b)"). *Id*. (quoting *Commonwealth v. Dodge*, 957 A.2d 1198, 1200 (Pa. Super. 2008)). A trial court "is not required to parrot the words of the Sentencing Code, stating every factor that must be considered under Section 9721(b), [but] the record as a whole must reflect due consideration by the court of the statutory considerations[.]" *Commonwealth v. Coulverson*, 34 A.3d 135, 145 (Pa. Super. 2011) (citation omitted).

"Our Supreme Court has determined that where the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009) (citing *Commonwealth v. Devers*, 546 A.2d 12, 18–19 (Pa. 1988)). Moreover, where a sentence falls within the guidelines range, the appellant has the burden of proving that the circumstances of the case make the sentence "clearly unreasonable." 42 Pa.C.S. § 9781(c)(2); *see id*. at § 9781(c)(3) (adopting less stringent standard of showing the sentence is "unreasonable" where it exceeds the guidelines).

**B.**

Based on the record as a whole,[3] Walker cannot show that the trial court imposed a sentence that was clearly unreasonable under the circumstances. Nor can Walker show that the trial court merely considered the severity of his offense, excluding other sentencing factors.

Walker was allowed to present a pre-sentence report, as well as mitigating evidence at his sentencing hearing. He outlined his prospects for rehabilitation and ties to the community. The trial court considered all of that evidence before imposing a prison term of three to six years, a range that fell within the sentencing guidelines.

The fact that the trial court stressed the severity of Walker's offense is not a *per se* abuse of discretion. It is presumed that the trial court in this case was aware of all sentencing factors and informed by Walker's pre-sentence report. ***See Ventura***, 975 A.2d at 1135. Even if no such presumption applied, the trial court considered the mandatory sentencing factors explicitly on the record, taking into account the character of the defendant, the nature of the crime, and the need to deter Walker and others from committing such offenses. ***See*** Sentencing Hearing, 4/23/2019, at 10-

---

[3] On review of the discretionary aspects of a sentence, this Court must have in mind the circumstances of the offense and the defendant's history, the trial court's observations during the proceedings, the trial court's reasons for the sentence, and the applicable sentencing guidelines. ***See*** 42 Pa.C.S. § 9781(d).

12. Finding no abuse of discretion, we hold that the order on review must stand.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/11/2019