602 A.2d 1323

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**George Howard CLARK.**

Superior Court of Pennsylvania.

Submitted November 21, 1991.

Filed Jan. 6, 1992.

Reargument Denied March 12, 1992.

Ann A. Osborne, Asst. Dist. Atty., Media, for Com., appellant.

Douglas L. Smith, Media, for appellee.

Before CAVANAUGH, POPOVICH, and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal by the Commonwealth from an order dated April 10, 1991 granting appellee's omnibus pretrial motion. On appeal, the Commonwealth contends that the suppression court erred by suppressing the evidence seized pursuant to a search warrant. For the following reasons, we affirm the suppression order.

On June 15, 1990, two Chester Police officers from the narcotics and vice division appeared before a District Justice. They presented an affidavit which recited, *inter alia,* that a confidential informant (CI) had witnessed appellee within the previous forty-eight hours take orders for cocaine at a housing project where appellee was allegedly selling drugs. The CI observed appellee drive to his residence in a 1970's Pontiac Ventura, get out, enter his house, and return to his vehicle within a couple of minutes with a controlled substance. The search warrant revealed that this CI was reliable in that the CI had provided information about other individuals in the past, which resulted in arrests. A search warrant was issued and executed the same day. A search of appellee's bedroom yielded a white powdery substance, numerous small plastic bags, and a thirty-eight caliber handgun. Appellee was subsequently charged with possession of a controlled substance,[1] possession of a controlled substance with intent to deliver[2] and possession of drug paraphernalia.[3]

Appellee filed an omnibus pretrial motion seeking, *inter alia,* to suppress the evidence seized pursuant to the search warrant. A hearing was held on this motion on November 16, 1990. At the hearing, appellee produced a receipt from an auto service station for work done for George Clark, appellee herein, on a 1977 Pontiac on June 12, 1990. The receipt indicated that the car was to be picked up on June 16 and that, in fact, payment in full was made on June 16 when the car was picked up by appellee's father. This evidence contradicts the statement in the affidavit supporting the search warrant that the CI observed appellee forty-eight hours prior to the execution of the search warrant. Moreover, appellee and appellee's father both testified that appellee did not drive the car at all during the first two weeks of June, again in contradiction to the CI's statements in the affidavit. The suppression court granted appellee's motion

1. 35 Pa.S.A. § 780–113(a)(16).
2. 35 Pa.S.A. § 780–113(a)(16).
3. 35 Pa.S.A. § 780–113(a)(32).

to suppress the evidence on April 10, 1991. This timely appeal followed.[4]

 The Commonwealth contends that the court improperly suppressed the evidence seized during the execution of the search warrant. When the Commonwealth appeals the adverse decision of a suppression court, we must consider only the evidence of the defendant's witnesses and so much of the evidence for the prosecution as read in the context of the record as a whole that remains uncontradicted. *Commonwealth v. Hamlin,* 503 Pa. 210, 215–16, 469 A.2d 137, 139 (1983) (plurality opinion) (citing *Commonwealth v. Goodwin,* 460 Pa. 516, 522–23, 333 A.2d 892, 895 (1975)).

Both the United States Constitution and the Pennsylvania Constitution prohibit unreasonable searches and seizures. *See* U.S. Const. Amendment IV; Pa. Const. Art. I, § 8. The starting point in determining whether a search and seizure conducted pursuant to a search warrant was unreasonable is to question whether probable cause existed to issue the search warrant. *See* Pa.R.Crim.P. 2003(a) ("[n]o search warrant shall issue but upon probable cause supported by one or more affidavits sworn to before the issuing authority"); *see also Commonwealth v. Jones,* 506 Pa. 262, 269, 484 A.2d 1383, 1387 (1984) ("[b]efore an issuing authority may issue a constitutionally valid search warrant he or she must be furnished with information sufficient to persuade a reasonable person that probable cause exists to conduct a search") (citations omitted).

 In 1985, our Supreme Court followed the United States Supreme Court in adopting a totality-of-the-circumstances analysis to determine if probable cause exists to support a search warrant. In *Commonwealth v. Gray,* 509

4. We note that the Commonwealth has certified that suppression of the evidence would substantially impair its prosecution of appellee. *See* Appellant's Brief at 1. We will, therefore, entertain its appeal. *See Commonwealth v. Dugger,* 506 Pa. 537, 546–47, 486 A.2d 382, 386 (1985).

Pa. 476, 503 A.2d 921 (1985), the Pennsylvania Supreme Court stated:

> The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

*Gray,* 509 Pa. at 484, 503 A.2d at 925 (citations omitted). However, if a search warrant is based on an affidavit containing deliberate or knowing misstatements of material fact, the search warrant is invalid. *See Commonwealth v. Bonasorte,* 337 Pa.Super. 332, 347, 486 A.2d 1361, 1369 (1984) (misstatement of police officer); *see also Commonwealth v. D'Angelo,* 437 Pa. 331, 337, 263 A.2d 441, 444 (1970) (misstatement of police officer). *Cf. Commonwealth v. Bradshaw,* 290 Pa.Super. 162, 165, 434 A.2d 181, 182 (1981) (court recognized that material misstatements by *confidential informant* invalidate search warrant).[5]

██ "A material fact is one without which probable cause to search would not exist." *Commonwealth v. Tucker,* 252 Pa.Super. 594, 599, 384 A.2d 938, 941 (1978) (citation omitted). An affidavit underlying a search warrant must set forth a concrete time frame in which the confidential informant observed the alleged criminal activity forming the basis for his tip. *Cf. Commonwealth v. Edmunds,* 526 Pa. 374, 382, 586 A.2d 887, 890–91 (1991) (search warrant was facially invalid because it did not reference time that informant observed activity).

In the instant case, the affidavit supporting the search warrant stated

> Within the past two weeks the affiant listed on the face sheet of this warrant did speak with the confidential

---

5. The *Bradshaw* court did not, however invalidate the search warrant based on material misstatements because of the good faith exception to the exclusionary rule. This exception has since been rejected by our Supreme Court. *See infra* page 1327 for discussion of *Commonwealth v. Edmunds.*

reliable informant also listed on the face sheet of this warrant on several occasions.... The CI stated that he has observed George Clark deliver cocaine on the east side of the city and in the Lamokin Village housing project on several occasions.... The CI stated that Clark delivers the cocaine in a 1970's Pontiac Ventura Dark Gray in color with a burgundy rag top.... The CI stated that he has over heard [sic] Clark take orders from other individuals for cocaine, when Clark has stated that he would go and get the caine [sic]. The CI has followed Clark to 76 West 8th Street where Clark resides. He would enter the house and then return to his vehicle within a couple of minutes with the controlled substance. The CI saw the cocaine in George Clarks [sic] hands. *The CI saw this in the past 48 hrs.*

Commonwealth Exhibit 1 (emphasis added). Thus, the affidavit references concrete time frames of two weeks and forty-eight hours. However, the time references are not factually correct.

 The instant affidavit was sworn on June 15, 1990. At the suppression hearing, appellee introduced a receipt from McCauls Auto Service, which established that appellee's car was in the shop for repairs from June 12–16, 1990. Furthermore, appellee and his father both testified that on the Memorial Day weekend about two weeks before the instant search warrant was issued, appellee was stopped twice while driving to work for driving with a suspended license. After the second stop, appellee's father took the keys away from him, and removed the tags and license plate from the car. Both parties testified that appellee did not drive the car at all during the first two weeks of June. *See* N.T., November 16, 1990, at 14–17, 25, 31–32. Because of this evidence and testimony, it is apparent that the information provided by the CI with respect to the time frame was inaccurate, and a necessary element of the search warrant affidavit is missing. Moreover, because it would have been *impossible* for the CI to observe appellee engaging in the conduct described at the time indicated, we

can infer that this misstatement was knowingly made. Hence, the search warrant at issue was invalid, because it was based on an affidavit lacking in probable cause.

Nonetheless, appellant argues that Pennsylvania law does not permit an attack on the veracity of the confidential informant, because of the good faith exception to the exclusionary rule [6] applied by this court in *Commonwealth v. Bradshaw*, 290 Pa.Super. 162, 434 A.2d 181 (1981).[7] However, appellant's reliance on *Bradshaw* is misplaced. Our Supreme Court has recently held that Article I, Section 8 of the Pennsylvania Constitution does not incorporate a good faith exception to the exclusionary rule. *Commonwealth v. Edmunds*, 526 Pa. 374, 383, 586 A.2d 887, 891–92 (1991). The court carefully examined the principles underlying the exclusionary rule, as well as the history of Article 1, Section 8, and concluded that the rule's purpose was much broader than the analogous federal provision.

Justice Cappy, writing for the majority, noted that while the United States Supreme Court, in *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), *reh'g denied*, 468 U.S. 1250, 105 S.Ct. 52, 82 L.Ed.2d 942 (1984), was able to find that a good faith exception would not deviate from the Fourth Amendment's purpose to deter

6. The exclusionary rule is "a judicially created remedy designed to safeguard Fourth Amendment rights generally through its deterrent effect." *United States v. Leon*, 468 U.S. 897, 906, 104 S.Ct. 3405, 3412, 82 L.Ed.2d 677 (1984) (citing *United States v. Calandra*, 414 U.S. 338, 348, 94 S.Ct. 613, 620, 38 L.Ed.2d 561 (1974)), *reh'g denied*, 468 U.S. 1250, 105 S.Ct. 52, 82 L.Ed.2d 942 (1984). The rule's practical effect is to exclude evidence seized in violation of the Fourth Amendment. Pennsylvania did not adopt the exclusionary rule until *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). In *Commonwealth v. Bosurgi*, 411 Pa. 56, 190 A.2d 304 (1963), *cert. denied*, 375 U.S. 910, 84 S.Ct. 204, 11 L.Ed.2d 149 (1963), our Supreme Court interpreted *Mapp* as requiring the exclusion of unlawfully seized evidence. *Id.* 411 Pa. at 64, 190 A.2d at 309.

7. The *Bradshaw* court held that although the affidavit supporting the search warrant was based on deliberate misstatements by a CI, it was not necessary to suppress the evidence because the police officer reasonably believed and relied on the statements in the facially valid search warrant. *Bradshaw*, 290 Pa.Super. at 166–67, 434 A.2d at 183.

willful police misconduct, the same analysis could not be applied to the Pennsylvania provision:

the exclusionary rule in Pennsylvania has consistently served to bolster the twin aims of Article I, Section 8; to-wit, the safeguarding of privacy and the fundamental requirement that warrants shall only be issued upon probable cause. [*Commonwealth v.*] *Melilli,* [521 Pa. 405, 555 A.2d 1254 (1983)]. As this Court explained in *Commonwealth v. Miller:*

The linch-pin that has been developed to determine whether it is appropriate to issue a search warrant is the test of probable cause. *Commonwealth v. Chandler* [505 Pa. 113, 477 A.2d 851], *supra.* It is designed to protect us from unwarranted and even vindictive incursions upon our privacy. It insulates from dictatorial and tyrannical rule by the state, and preserves the concept of democracy that assures the freedom of its citizens. This concept is second to none in its importance in delineating the dignity of the individual living in a free society.

*Edmunds, supra.,* 526 Pa. at 398, 586 A.2d at 899 (citing *Commonwealth v. Miller,* 513 Pa. 118, 127, 518 A.2d 1187, 1191-92 (1986)). In light of this history and purpose, the court concluded that to adopt a good faith exception to the exclusionary rule would "virtually emasculate those clear safeguards which have been carefully developed under the Pennsylvania Constitution over the past 200 years." *Edmunds, supra,* 526 Pa. at 399, 586 A.2d at 899. Consequently, *Edmunds* requires us to suppress the evidence seized under the instant invalid search warrant, notwithstanding the good faith with which the officer may have relied on the CI's information.[8] Accordingly, we affirm the order of the suppression court.

Order affirmed.

8. We recognize that the instant search warrant was issued in 1990, before *Edmunds* was decided. However, in *Commonwealth v. Farrington,* 528 Pa. 183, 595 A.2d 1146 (1991), our Supreme Court vacated a Superior Court Memorandum decision applying the good faith exception where evidence was seized pursuant to an invalid search

100

CAVANAUGH, J., files a concurring Opinion.

POPOVICH, J., concurs in the result.

CAVANAUGH, Judge, concurring:

I join with the majority opinion since I agree with Judge Prescott of the suppression court that as required by law, the police failed to undertake an independent investigation after receiving the statement from the confidential informant.

warrant issued in 1988. The Supreme Court remanded for reconsideration in light of *Edmunds.* Because the Supreme Court has thus indicated that its unequivocal rejection of the good faith doctrine applies to search warrants issued prior to *Edmunds,* we are bound to follow it here. In so doing, we are also guided by similar applications of *Edmunds* by other panels of this court. *See Commonwealth v. Bagley,* 408 Pa.Super. 188, 596 A.2d 811, 816 (1991) (police not entitled to invoke good faith exception for evidence seized pursuant to 1989 search warrant); *Commonwealth v. Grubb,* 407 Pa.Super. 78, 595 A.2d 133, 136 (1991) (court bound to follow *Edmunds* in rejecting good faith doctrine).