38 A.3d 816

COMMONWEALTH of Pennsylvania, Appellant

v.

Nolan ANTOSZYK, Appellee.

Supreme Court of Pennsylvania.

Argued Oct. 18, 2011.

Decided Feb. 21, 2012.

## ORDER

Michael Wayne Streily, Nicole Thomas Wetherton, Allegheny County District Attorney's Office, Pittsburgh, for Appellant.

Paul David Boas, Pittsburgh, for Appellee.

540

PER CURIAM.

**AND NOW,** this 21st day of February, 2012, the Court being evenly divided, the Order of the Superior Court is **AFFIRMED.**

Justice ORIE MELVIN did not participate in the consideration or decision of this case.

Justices SAYLOR, BAER, and TODD would affirm the Order of the Superior Court.

Justice EAKIN files an Opinion in Support of Reversal in which Chief Justice CASTILLE and Justice McCAFFERY join.

Justice EAKIN, in support of reversal.

This Court affirms, by operation of an equally divided vote, the Superior Court's holding that a search warrant is invalid if the affidavit of probable cause included a confidential informant's deliberate misstatement. I believe the trial court relied on inapplicable authority, as did the Superior Court in affirming suppression. Only a fundamental misunderstanding of the warrant process can allow the undoing of a legitimate warrant based on recantation by an informant.

The present informant previously gave police reliable information leading to the arrest of two drug dealers. He told a detective he had recently been in appellee's home, where he observed appellee with large quantities of marijuana. The informant said appellee was a bulk dealer of marijuana, owned firearms, and had a dog. He also described appellee's vehicle. The detective conducted surveillance and corroborated the informant's information regarding where appellee lived, the vehicle appellee used, and that appellee had a dog. The detective prepared an affidavit for a search warrant for appellee's home; the affidavit did not disclose the informant's identity. The magistrate agreed it contained probable cause and issued the warrant. Police executed this warrant and recovered over ten pounds of marijuana and an AK–47. Appel-

lee was charged with possession with intent to deliver and various other offenses.

Appellee moved to suppress the evidence. At the suppression hearing, the defense appeared with the informant and presented him as a witness. Because the informant told the affiant he had been threatened by the defendant after the search, and believing the threat was serious (witness the AK–47), the affiant would not confirm this was the informant. Nevertheless, the witness identified himself as the informant; he had met with defense counsel several times since the search though he had never spoken to counsel for the Commonwealth. The informant testified the affidavit correctly reflected what he told the detective. However, he indicated he had "exaggerated" when telling the officer when he had been in appellee's house and about the amount of marijuana he saw there. The informant said he misled the detective to stop appellee from bothering him about a drug debt. Despite the debt, he testified his knowledge of appellee as a drug dealer was based solely upon rumors.

Pursuant to this testimony, the suppression court found the information the informant provided before the search was false, though the informant himself declined to say it was untrue. The court also found the information was honestly believed by the detective who corroborated parts of it. The court then granted appellee's motion to suppress the evidence obtained from the search. The court did not mention the threat, the fact that the search results verified what the informant originally told the police (his "exaggeration" proved to be not much of an exaggeration, much less a lie), or the curious circumstance of the reunion between informant and accused. Recanted testimony is never deemed to be particularly reliable in any event, much less here, see *Commonwealth v. Birdsong*, 24 A.3d 319, 327 (Pa.2011) (quoting *Commonwealth v. Abu–Jamal*, 553 Pa. 485, 720 A.2d 79, 99 (1998) ("[R]ecantation testimony is 'exceedingly unreliable.'")), but this is not considered. The entirety of the court's reasoning is one sentence: "Based on Superior Court case *Commonwealth v. Clark*, 412 Pa.Super. 92, 602 A.2d 1323 (1992), this court

does grant defendant's Motion to Suppress...." Suppression Court Opinion, 4/11/08, at 1.

The Commonwealth appealed; the Superior Court panel affirmed. *Commonwealth v. Antoszyk*, 985 A.2d 975 (Pa.Super.2009). The court stated "we adopt the lead opinion" from *Clark*. *Clark* invalidated a warrant where the informant mislead the affiant, but the *Clark* opinion was the view of only its author—one member of the panel concurred in the result, and the third held the warrant failed for want of independent police corroboration rather than any misstatements.

The Superior Court affirmed "[b]ecause the good-faith exception to the exclusionary rule does not apply in Pennsylvania...." *Id.*, at 976 (citing *Commonwealth v. Edmunds*, 526 Pa. 374, 586 A.2d 887, 899 (1991)).[1] Because Pennsylvania has no good faith exception to the warrant requirement, the court reasoned police cannot assert they acted in good faith in relying upon confidential informants, and Article I, § 8 permits a defendant to attack the veracity of a confidential informant. *Id.*, at 981 (quoting Clark, at 1326–27 (*plurality* )). Accordingly, the court held:

> Article I, Section 8 of the Pennsylvania Constitution protects the citizens of this Commonwealth from material misstatements made deliberately or knowingly in an affidavit of probable cause. The remedy for such a violation, if there is no other independent basis for a finding of probable cause, is invalidation of the search warrant.

*Id.*, at 984 (footnote omitted). Therefore, the Superior Court concluded the trial court properly suppressed the evidence. *Id.* We granted allocatur to determine whether results of a

1. The good faith exception, first recognized in *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), provides "[w]hen police act under a warrant that is invalid for lack of probable cause, the exclusionary rule does not apply if the police acted 'in objectively reasonable reliance' on the subsequently invalidated search warrant." *Herring v. United States*, 555 U.S. 135, 142, 129 S.Ct. 695, 172 L.Ed.2d 496 (2009) (quoting *Leon*, at 922, 104 S.Ct. 3405). In *Edmunds*, this Court held the Pennsylvania Constitution allowed no such exception. *Edmunds*, at 888. Relevant here, *Edmunds* did not create a different evaluative process, nor change the standard of probable cause.

search must be, suppressed where a confidential informant recants information included in the affidavit of probable cause.

First of all, despite the Superior Court's holding and the phrasing of the issue accepted for appeal, this is not a "good faith exception" case. *Leon* and *Edmunds* both involved warrants that were not valid because the affidavits there did not contain probable cause. The police there acted in good faith, but based on warrants issued on less than probable cause—warrants that were never valid. Here, there was probable cause and hence a valid warrant. There was no magisterial error in evaluating the content or sufficiency of the affidavit or in issuing this warrant; hence, there is no need to consider the good faith exception of *Leon*, much less the applicability of *Edmunds*.

We have held "[p]robable cause exists where the facts and circumstances within the affiant's knowledge and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that a search should be conducted." *Commonwealth v. Jones*, 605 Pa. 188, 988 A.2d 649, 655 (2010) (quoting *Commonwealth v. Thomas*, 448 Pa. 42, 292 A.2d 352, 357 (1972)). This test was met. In these types of cases, "the real suppression issue is not the [informant]'s veracity—it is the officer's veracity." *Commonwealth v. Brown*, 582 Pa. 573, 873 A.2d 1275, 1277 (2005) (Eakin, J., dissenting); *see also Franks v. Delaware*, 438 U.S. 154, 171, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978) (noting when challenging veracity of affidavit, "impeachment [that] is permitted today is only that of the affiant, not of any nongovernmental informant"); [2] *Commonwealth v. Gomolekoff*, 910

---

**2.** *Franks*, as a United States Supreme Court decision interpreting the Fourth Amendment, is not binding as an interpretation of Article I, § 8. However,

> The mere fact that this Court has, under certain circumstances, accorded greater protections to the citizens of this Commonwealth under Article I, Section 8 "does not command a reflexive finding in favor of any new right or interpretation asserted. To the contrary, we should apply the prevailing standard where our own independent state analysis does not suggest a distinct standard."

*Commonwealth v. Sam*, 597 Pa. 523, 952 A.2d 565, 586 (2008) (quoting *Commonwealth v. Glass*, 562 Pa. 187, 754 A.2d 655, 660 (2000)).

A.2d 710, 715 (Pa.Super.2006) (rejecting challenge to search warrant because defendant failed to show affiant made deliberately false statements or statements with reckless disregard for truth).

Neither is this a case of "material misstatements made deliberately or knowingly in an affidavit." The law of material misrepresentations deals with misrepresentations to the issuing authority, not to the police. It is not unusual, or unheard of, for people to lie to the police—when evaluating information for warrant purposes, the police must give reasons why they believe the instant information is not a lie. They present this to the magistrate—if they lie to the magistrate, any warrant is invalid—but if they were lied to, yet gave reasons to believe the lie, they are not misleading the magistrate and the warrant is valid. It is valid because *the process* was valid and probable cause existed.

The affidavit of probable cause here contained no misstatement of facts. The affidavit did not say the informant was in the house at a certain time—it said the informant *said* he was in the house then, and gave credible reasons why the affiant believed the informant. Whether the informant was ever really in the house or not is immaterial—the affidavit did not misspeak. There was no "material misstatement" in the affidavit, and thus no violation of the Constitution.

We do not reevaluate probable cause after the search—once the warrant issues, recanted information is about as relevant as added information. The reasons to accept the veracity of the information are no more expanded by the successful search here than they are undone by the informant's *mea culpa*. Adding or subtracting information post-issuance has nothing at all to do with the validity of a warrant, absent material misrepresentations to the magistrate. Evidence learned after the issuance can neither add nor subtract to the affidavit or its sufficiency. That the information reasonably

*Franks* is not an iteration of the good faith exception; it predated *Leon* by six years. It clearly shows why we may impeach the affiant, but not the informant. There is no basis for imposing a "distinct standard" when evaluating the warrant process.

believed to be correct was "exaggerated" or a blatant fabrication invalidates neither the process nor the warrant. That the information reasonably believed is later recanted simply is not grounds to invalidate the process.

An informant's veracity is not in issue at a suppression hearing. *Franks, supra.* It is immaterial that the informant misleads the detective, for the only issue is the detective's veracity and whether his affidavit established probable cause. The Superior Court's holding is incompatible with the well-settled standard of probable cause, which concerns facts "within the affiant's knowledge," *Jones,* at 655, not facts the affiant had no idea of. Information in an application need only be "reasonably trustworthy," *id.,* not perfectly trustworthy, nor has there ever been a case requiring proof the information was actually true. That is because truth simply is not the standard. Here, the informant was reasonably trustworthy, as he had previously provided reliable information, and the detective verified what he could of his information. That is sufficient.

This is not a good faith exception case. This is not an *Edmunds* case. This is not a material misrepresentation case. It is controlled by the holding and logic of *Franks.* When evaluating an affidavit, misrepresentations to the police are not pertinent—only misrepresentations to the issuing authority are pertinent. The creation by the Superior Court of precedent allowing recantation by an informant to undo a valid warrant is simply wrong. It is not supported by applicable authority, by policy, or by practicality. This decision creates an *ex post facto* changing of the facts and invites retroactive attacks on warrants whenever a defendant can produce any evidence discordant with the affidavit of probable cause.[3]

3. Inconsistencies between an affidavit of probable cause and facts subsequently ascertained do not void the warrant. As the United States Supreme Court has explained, while an affidavit of probable cause must be truthful, "[t]his does not mean 'truthful' in the sense that every fact recited in the warrant affidavit is necessarily correct...." *Franks,* at 165, 98 S.Ct. 2674; *see also Gomolekoff,* at 715 (rejecting claim warrant was invalid because certain evidence cited in affidavit was never found).

546

Indeed, the Superior Court's decision creates a powerful incentive for defendants to locate and coerce informants, for if they recant, the Constitution will be deemed retroactively to have been violated.

I would reverse the Superior Court's opinion, and respectfully dissent from the affirmation *a curia aequaliter divisae.*

Chief Justice CASTILLE and Justice McCAFFERY join this Opinion in Support of Reversal.