J-A29025-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES LEONARD, | |
| Appellant | No. 342 WDA 2014 |

Appeal from the Judgment of Sentence entered January 31, 2014,
in the Court of Common Pleas of Allegheny County,
Criminal Division, at No(s): CP-02-CR-0002957-2012

BEFORE:  FORD ELLIOTT, P.J.E., ALLEN, and STRASSBURGER*, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED NOVEMBER 14, 2014**

James Leonard, ("Appellant"), appeals from the judgment of sentence imposed after the trial court found him guilty of possession of a firearm by a prohibited person, possession with intent to deliver a controlled substance, possession of a controlled substance, possession of drug paraphernalia, driving while his operating privileges were suspended, and failure to use a turn signal.[1]

On November 1, 2011, Officers Burgunder, Churilla, and Ficorilli of the Pittsburgh Bureau of Police were contacted by a confidential informant who notified them that a black male known as James Leonard was selling

---

[1]18 Pa.C.S.A. § 6105(a)(1), 35 P.S. § 780-113(a)(30), 35 P.S. § 780-113(a)(16), 35 P.S. § 780-113(a)(32), 75 Pa.C.S.A. § 1543, and 75 Pa.C.S.A. § 3334.

*Retired Senior Judge assigned to Superior Court.

Percocet and heroin from his residence at 3454 Ligonier Street in Pittsburgh, Pennsylvania. N.T., 8/1/13, at 5. The police officers were familiar with that residence, having previously conducted drug-related arrests of two individuals departing from that location. *Id*. The officers conducted surveillance of the residence and observed a lot of foot traffic in and out of the residence, with various people briefly entering and then leaving, in a pattern consistent with street level drug sales. *Id*. at 6-7. Soon thereafter, Appellant left the residence in a silver Dodge Stratus. *Id*. at 7. Officers Ficorilli and Burgunder followed Appellant and observed him quickly change lanes three times without using a turn signal. *Id*. at 8-9. The police officers activated their lights and sirens and stopped Appellant's vehicle. *Id*. When Officer Burgunder approached the passenger side of the vehicle, he observed a clear plastic bag containing a large quantity of white, oval shaped pills in the center console, which Appellant informed him were Percocet. *Id*. at 9-11. Appellant stated that he did not have a prescription for the drugs, but he took them for pain management. *Id*. Subsequent testing revealed the pills were Vicodin and not Percocet. N.T., 9/24/13, at 19.

Appellant was arrested and the officers secured a search warrant for Appellant's residence in which they retrieved marijuana, heroin, over $12,000 in United States currency, a semi-automatic weapon, and drug paraphernalia. N.T., 9/24/13, at 15-16. Appellant was charged with the aforementioned crimes.

On May 16, 2013, Appellant filed a suppression motion. The trial court convened a hearing on August 1, 2013, at the conclusion of which the trial court entered an order denying Appellant's suppression motion. Following a stipulated jury trial on September 24, 2013, the trial court rendered its guilty verdicts.

On January 31, 2014, the trial court conducted a sentencing hearing and sentenced Appellant to five (5) to ten (10) years of imprisonment. Appellant filed a notice of appeal on February 28, 2014. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents one issue for our review:

Whether the Trial Court erred in failing to grant [Appellant's] motion to suppress where there was insufficient probable cause in the affidavit of the search warrant and where the affiant made allegations which were deliberately false or made with reckless disregard of the truth.

Appellant's Brief at 8.

Appellant argues that the evidence of the contraband found in his residence should have been suppressed because the search warrant was based upon factually inaccurate information which the police officers knew or should have known to be false. Appellant's Brief at 12-16. Specifically, Appellant claims that in the affidavit of probable cause, Officer Burgunder averred that Appellant stated the pills in his car were Percocet pills, but Appellant denied stating that the pills were Percocet, and subsequent tests revealed they were Vicodin. *Id*. at 13-14.

Our standard of review of the trial court's denial of a suppression motion is as follows:

> An appellate court's standard of review in addressing a challenge to a trial court's denial of a suppression motion is limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. [Because] the prosecution prevailed in the suppression court, we may consider only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the factual findings of the trial court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error.

*Commonwealth v. Reese*, 31 A.3d 708, 721 (Pa. Super. 2011) (citations omitted). Moreover, "[i]t is within the suppression court's sole province as factfinder to pass on the credibility of witnesses and the weight to be given to their testimony. The suppression court is free to believe all, some or none of the evidence presented at the suppression hearing." *Commonwealth v. Elmobdy*, 823 A.2d 180, 183 (Pa. Super. 2003) (citations omitted).

"In order to secure a valid search warrant, an affiant must provide a magistrate with information sufficient to persuade a reasonable person that there is probable cause for a search. The information must give the magistrate the opportunity to know and weigh the facts and to determine objectively whether there is a need to invade a person's privacy to enforce the law." *Commonwealth v. Baker*, 24 A.3d 1006, 1017 (Pa. Super. 2011). In *Commonwealth v. Cameron*, 664 A.2d 1364, 1367 (Pa. Super.

- 4 -

1995), we explained that the standard for determining whether probable cause exists for the issuance of a search warrant is the "totality of the circumstances" test as set forth below:

> The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for ... conclud[ing] that probable cause existed.
>
> ***However, if a warrant is based upon an affidavit which contains deliberate or knowing misstatements of material fact, the search warrant must be rendered invalid.*** In deciding whether a misstatement is material, the test is not whether the statement strengthens the application for the search warrant, but rather whether it is essential to it.

***Cameron***, 664 A.2d at 1367 (citations omitted) (emphasis added). ***See also Commonwealth v. Clark***, 602 A.2d 1323, 1325 (Pa. Super. 1992) (if a search warrant is based on an affidavit containing deliberate or knowing misstatements of material fact, the search warrant is invalid). ***See also Commonwealth v. Gomolekoff,*** 910 A.2d 710, 715 (Pa. Super. 2006) *quoting* ***Franks v. Delaware***, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978) ("To succeed in attacking a warrant, a defendant must come forward with 'allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof.'").

Thus, "while the mere presence of an error in an affidavit of probable cause supporting a search warrant does not invalidate the warrant, such a

misstatement of fact will invalidate the warrant if it is deliberate and material (a material fact being one without which probable cause to search would not exist)." **Baker**, 24 A.3d at 1018. Moreover, "[t]he question of whether a misstatement was deliberately made is to be answered by the lower court." **Id.**

In the present case, the search warrant for Appellant's residence was based upon the averments of Officer Burgunder that he received a tip from a confidential informant that Appellant was selling Percocet and heroin from a residence at 3454 Ligonier Street in Pittsburgh. Affidavit of Probable case, 11/1/11. The affidavit stated that Officers Burgunder, Churilla and Ficorillo conducted independent surveillance of the residence and observed, at different intervals, people arriving, briefly entering the residence and then leaving a few minutes later. *Id*. When the officers saw Appellant leave the residence, the officers followed his vehicle and observed him quickly change lanes three times without utilizing a turn signal. *Id*. The officers conducted a traffic stop of Appellant's vehicle and when Officer Burgunder approached the vehicle, he observed in plain view, a sandwich bag containing white pills in the center console. *Id*. The affidavit then reads, in pertinent part:

> I [Officer Burgunder] observed in plain view, a clear sandwich baggie containing white pills inside of the opened center console. I moved over to the driver's side window and asked [Appellant] what those pills were. He responded that they were Percocet pills (Schedule III controlled substance – verified by Poison Control of Pittsburgh). I asked [Appellant] if he had a prescription for these and he responded "no".

*\*\*\**

> Based on the narcotics recovered from this incident, the conducted surveillance, the documented patterns of [Appellant] and the information corroborated from the [confidential informant], we believe illegal narcotics are being packaged and sold from 3454 Ligonier Street, Pittsburgh PA 15201.

Affidavit of Probable Cause, 11/1/11.

Appellant argues that Officer Burgunder's statement in the affidavit of probable cause that the white pills were Percocet, was a deliberate, material misstatement of fact, rendering the search warrant invalid. We reiterate that "[t]he question of whether a misstatement was deliberately made is to be answered by the lower court." *Baker*, 24 A.3d at 1017. It is exclusively within the province of the trier of fact to believe or disbelieve all or none of the testimony offered, and when supported by the record, we will not invade that province. *Id*. "[M]isstatements of fact will invalidate a search warrant and require suppression of the fruits of the search only if the misstatements of fact are deliberate and material. While we have recognized that the veracity of facts establishing probable cause recited in an affidavit supporting a search warrant may be challenged and examined, we have not suggested that every inaccuracy will justify an exclusion of evidence obtained as a result of the search." *Baker*, 24 A.3d at 1016 (citations and internal quotations omitted).

At the suppression hearing, Officer Burgunder, who stated that he had been involved in numerous arrests related to controlled substances, testified as follows:

I observed a clear plastic baggie containing a large amount of white oval-shaped pills in the center console.

***

I asked [Appellant] about the pills in the plastic bag I could see in plain view. ... He said they were, in fact, Percocet and he needed them because he had been previously shot in the leg. He needed them for pain, although he did not have a prescription for them.

N.T., 8/1/13, at 11.

Once the white pills were removed from Appellant's vehicle, Officer Burgunder telephoned Pittsburgh Poison Control and provided them with a general description of the pill. *Id*. Pittsburgh Poison Control indicated that the pills could be oxycodone, a Schedule III controlled substance. *Id*. at 15-16.[2] However, the officer testified that it was possible that he misheard the name of the controlled substance, and conceded at the suppression hearing that the pills were later determined to be Vicodin, not Percocet. *Id*. at 15-16, 20-21.

At the conclusion of the suppression hearing, the trial court acknowledged Officer Burgunder's admission he had erroneously written the wrong controlled substance on the affidavit of probable cause. N.T., 8/1/13,

_____

[2] Officer Burgunder testified that the Poison Control Center refers to drugs by the pharmaceutical name and not by their brand name. N.T., 8/1/13, at 16. Officer Burgunder testified that the pharmaceutical name for Percocet is oxycodone, and the pharmaceutical name for Vicodin is hydrocodone. *Id*.

at 67. However, the trial court "did not find it to be intentional [or] even ... reckless." *Id*. In its Pa.R.A.P. 1925(a) opinion, the trial court explained:

> [Appellant] has not offered any specific evidence suggesting that the affiant made deliberately false statements, or made statements with a reckless disregard for the truth. Absent compelling information to the contrary, police officers may reasonably rely on a person's statement as to what he has in his own vehicle. The affidavit explains that [Appellant] claimed the pills were Percocet and [the trial court] has not been provided with any legitimate basis to discount that fact. Moreover, the pills found in the vehicle were controlled substances nonetheless and [Appellant] did not have a prescription to possess them. To the extent that the affidavit claims that the pills were Schedule III substances when they were actually Schedule II substances, [the trial court] does not believe that this mistake materially affects the overall quality of the affidavit.

Trial Court Opinion, 4/21/14 at 4.

We find no error in the trial court's determination that Officer Burgunder did not deliberately or recklessly misstate facts in his affidavit of probable cause. The trial court's conclusion that Officer Burgunder did not include a "reckless or deliberate falsehood" in the affidavit constitutes a credibility determination exclusively within the purview of the trial judge, who is in a better position to make such judgments. *See Commonwealth v. Mannion*, 725 A.2d 196, 205 (Pa. Super. 1999) ("It is not within the province of this Court, based on a cold record, to substitute our judgment for that of the suppression court absent an error of law."); *Elmobdy*, 823 A.2d at 183.

Moreover, in order to invalidate a search warrant, the misstatement must be material. "In deciding whether a misstatement is material, the test

is not whether the statement strengthens the application for the search warrant, but rather whether it is essential to it." ***Commonwealth v. Cameron***, 664 A.2d 1364, 1367 (Pa. Super. 1995). "A material fact is one without which probable cause to search would not exist." ***Commonwealth v. Clark***, 602 A.2d 1323, 1326 (Pa. Super. 1992). Here, the misstatement regarding whether the pills were Vicodin or Percocet was not material. Regardless of whether the drugs were Vicodin or Percocet, Officer Burgunder found Appellant in possession of a prohibited controlled substance, and the precise type of controlled substance was not essential to the search warrant application.

Under the totality of the circumstances, including the fact that the police officers had received information from a confidential informant that Appellant was selling controlled substances at 3454 Ligonier Street, and the officers' subsequent observations of various individuals repeatedly entering and leaving that residence in a manner "consistent with street level narcotic sales", together with their observation of white pills in plain view in Appellant's vehicle, we conclude that the issuing magistrate had a substantial basis for concluding that probable cause existed, and we find no error in the trial court's denial of Appellant's suppression motion. N.T, 8/1/13, at 6-7. Although Appellant testified at the suppression hearing that he never informed Officer Burgunder that the pills in his car were Percocet, the trial court, within its province as fact finder, was free to disbelieve his version of the events and credit the testimony of the Commonwealth's

witnesses.  N.T., 8/1/13, at 37; ***Elmobdy, supra***.  We will not disturb such credibility determinations on appeal.

For the foregoing reasons, we affirm the judgment of sentence.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  11/14/2014