J-S23020-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FELIX JAVIER PAGAN | : | |
| | : | |
| Appellant | : | No. 3147 EDA 2024 |

Appeal from the Judgment of Sentence Entered June 7, 2023
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0000514-2022

BEFORE:  STABILE, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY MURRAY, J.:                       **FILED JULY 21, 2025**

Felix Javier Pagan (Appellant) appeals from the judgment of sentence imposed after a jury convicted him of one count of persons not to possess firearms.[1]  Appellant challenges the trial court's denial of his motion to suppress evidence.  We affirm.

On February 4, 2022, a magisterial district judge issued a search warrant, authorizing officers from the Allentown Police Department to search a residential apartment located at 213 North 7th Street, Apartment 1-R, Allentown, Pennsylvania.  The trial court summarized the averments set forth in the search warrant application's affidavit of probable cause:

> The affidavit … details an investigation led by an experienced detective with the Vice and Intelligence Unit of the Allentown Police Department.  [The affidavit] explains that the investigation

_____

[1] 18 Pa.C.S.A. § 6105(a)(1).

required the assistance of multiple confidential informants, who made multiple controlled purchases at 213 North 7th Street, Apartment 1-R, in Allentown. All of the controlled purchases were either made directly from [A]ppellant, or in his presence at the apartment. The last controlled purchase was made within forty-eight (48) hours of the search warrant request. …

[S]pecifically, the affidavit explains that two (2) confidential informants provided information that "beginning in January 2022[,]" they had purchased crack cocaine and fentanyl from [a light-skinned male with a bushy beard] and a Hispanic female at 213 North 7th Street, Apartment 1-R. [After viewing JNET photographs, both informants positively identified the male distributor as Appellant.]

The affidavit further reveals that within fourteen (14) days of the request for the search warrant, a controlled purchase was made from that apartment with the assistance of [the first] confidential informant (hereinafter CI-1). CI-1 told the investigators that both [A]ppellant and a Hispanic female were present when the deal was completed, although the Hispanic female actually delivered the crack cocaine and fentanyl. The search warrant further reveals that the investigation did not end with one controlled purchase, but two (2) more controlled purchases were completed before the search warrant request. The second controlled purchase took place within seven (7) days of the request for the search warrant, and [the] second confidential informant (hereinafter CI-2) was enlisted to purchase crack cocaine from the aforementioned residence. The last controlled purchase, utilizing CI-2, was completed at the same residence within forty-eight (48) hours of the request for the search warrant. Again, crack cocaine was purchased. The last two controlled purchases were directly from [A]ppellant.

[Officers conducted surveillance] during each of the controlled purchases, although the actual apartment was not visible by the surveillance team. Additionally, the confidential informants were searched for contraband both prior to and after the controlled purchases, and [were] found to be free of drugs, weapons, or money.

Trial Court Opinion, 1/22/25, at 2-4 (footnote omitted).

On February 4, 2022, police executed the search warrant. Appellant was present in the apartment, and police recovered a handgun, currency, and several controlled substances. Due to a prior robbery conviction, Appellant was prohibited from possessing a firearm. *See* 18 Pa.C.S.A. § 6105(b). The Commonwealth subsequently charged Appellant with persons not to possess firearms and numerous drug-related offenses.

On April 29, 2022, Appellant filed a motion to suppress the evidence obtained from the search warrant. On August 3, 2022, the trial court denied the motion. At Appellant's request, the trial court severed the firearm charge from the drug charges. On April 12, 2023, a jury convicted Appellant of the firearm charge.[2] On June 7, 2023, the trial court imposed a sentence of 8 to 16 years' imprisonment. No post-sentence motion or direct appeal followed.

On May 14, 2024, Appellant timely filed a *pro se* petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. The PCRA court appointed counsel, who filed an amended petition. Appellant asserted his trial counsel rendered ineffective assistance by failing to file a requested appeal. On October 30, 2024, the PCRA court granted Appellant's amended petition and reinstated his direct appeal rights *nunc pro tunc*. Appellant thereafter filed a timely notice of appeal and Pa.R.A.P. 1925(b) concise statement. The trial court filed an opinion under Rule 1925(a).

_____

[2] The disposition of the drug charges, if any, is unclear. The instant appeal involves only the firearm charge.

- 3 -

Appellant identifies a single issue for our review:

Whether the trial court erred in denying [Appellant's] motion to suppress evidence[,] where the application for search warrant and attached affidavit of probable cause lacked sufficient probable cause by failing to establish the reliability of the confidential informants and lacked sufficient police corroboration of criminal activity[,] in violation of the Fourth Amendment of the United States Constitution and Article 1, Section 8 of the Pennsylvania Constitution[?]

Appellant's Brief at 4 (capitalization modified).

Appellate review of a suppression ruling

is limited to determining whether the record supports the findings of fact of the suppression court and whether the legal conclusions drawn from those findings are correct…. We are bound by the factual findings of the suppression court, which are supported by the record, but we are not bound by the suppression court's legal rulings, which we review *de novo*.

*Commonwealth v. James*, 69 A.3d 180, 186 (Pa. 2013).

The Fourth Amendment of the United States Constitution and Article 1, Section 8 of the Pennsylvania Constitution protect against unreasonable searches and seizures. "In order to secure a valid search warrant, an affiant must provide a magistrate with information sufficient to persuade a reasonable person that there is probable cause for a search." *Commonwealth v. Baker*, 24 A.3d 1006, 1017 (Pa. Super. 2011) (citation omitted). "Probable cause exists where the facts and circumstances within the affiant's knowledge and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that a search should be conducted." *Commonwealth v. Jones*, 605 Pa. 188, 988 A.2d 649, 655 (2010) (citation omitted). When considering whether probable cause exists, we consider the totality of the circumstances. *See Commonwealth v. Clark*, 412 Pa. Super. 92, 602 A.2d 1323, 1325 (1992).

*Commonwealth v. Adorno*, 291 A.3d 412, 415-16 (Pa. Super. 2023).

- 4 -

Pennsylvania Rule of Criminal Procedure 203(D) provides that, "[a]t any hearing on a motion for the … suppression of evidence … obtained pursuant to a search warrant, no evidence shall be admissible to establish probable cause other than the affidavits [sworn to before the issuing authority]." Pa.R.Crim.P. 203(D). Our review of a challenge to a search warrant based on an affidavit of probable cause

> is limited to "the information within the four corners of the affidavit." **Commonwealth v. Batista**, 219 A.3d 1199, 1202 (Pa. Super. 2019) (citing Pa.R.Crim.P. 203(D)). Thus, a reviewing court "may not conduct a *de novo* review of the issuing authority's probable cause determination" but, instead, is tasked simply with the duty of ensuring the issuing authority "'had a substantial basis for concluding' that probable cause existed." **Batista**, 219 A.3d at 1202 (quoting **Commonwealth v. Huntington**, 924 A.2d 1252, 1259 (Pa. Super. 2007) and **Illinois v. Gates**, 462 U.S. 213, 238-39 (1983)). Unless the issuing authority had no substantial basis for its decision, a reviewing court must affirm. **Commonwealth v. Lyons**, 79 A.3d 1053, 1064 (Pa. 2013). **See also Commonwealth v. Gagliardi**, 128 A.3d 790, 795 (Pa. Super. 2015) ("If a substantial basis exists to support the magistrate's probable cause finding, [the suppression court] must uphold that finding even if a different magistrate judge might have found the affidavit insufficient to support a warrant.").

**Commonwealth v. Shackelford**, 293 A.3d 692, 698 (Pa. Super. 2023) (citations modified; footnote omitted).

The issuing authority must view the affidavit "in a common sense, nontechnical, ungrudging and positive manner." **Commonwealth v. Mendoza**, 287 A.3d 457, 462 (Pa. Super. 2022) (quoting **Commonwealth v. Baker**, 615 A.2d 23, 25 (Pa. 1992)).

> The task of the issuing magistrate is simply to make a practical common-sense decision whether, given all the circumstances set

forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

*Id.* (quoting *Gates*, 462 U.S. at 238-39).

Information received from confidential informants may properly form the basis of a probable cause determination. Where the officers' actions resulted from information gleaned from an informant, in determining whether there was probable cause, the informant's veracity, reliability and basis of knowledge must be assessed. An informant's tip may constitute probable cause where police independently corroborate the tip, or where the informant has provided accurate information of criminal activity in the past, or where the informant himself participated in the criminal activity.

*Commonwealth v. Bernard*, 218 A.3d 935, 940-41 (Pa. Super. 2019)

(citation omitted); *see also Commonwealth v. Clark*, 28 A.3d 1284, 1288

(Pa. 2011) ("[A] determination of probable cause based upon information

received from a confidential informant depends upon the informant's reliability

and basis of knowledge viewed in a common sense, non-technical manner.");

*Commonwealth v. Manuel*, 194 A.3d 1076, 1083 (Pa. Super. 2018) (*en*

*banc*) ("[I]nformation received from an informant whose reliability is not

established may be sufficient to create probable cause where there is some

independent corroboration by police of the informant's information.").

Additionally,

[w]hen two independent informants both supply the same information about a particular crime to the police, each source tends inherently to bolster the reliability of the other. Although the information supplied by one questionable source may be insufficient, the probability is extremely small that a second independent source would supply identical information if it were

not probably accurate. Such corroboration by independent sources produces the necessary reliability to establish probable cause.

*Commonwealth v. Goldsborough*, 31 A.3d 299, 306-07 (Pa. Super. 2011) (citation omitted).

Instantly, Appellant argues the affidavit did not establish probable cause to search the apartment. Appellant's Brief at 11-14. Appellant maintains the affidavit failed to establish the confidential informants' reliability, as it did not aver the informants had provided accurate information in the past or had participated in Appellant's criminal activity. *Id.* at 13. Appellant argues independent police corroboration was therefore necessary to corroborate the informants' tips. *Id.* Appellant asserts the controlled purchases failed to corroborate the informants' tips because the surveillance team did not observe the informants actually enter Apartment 1-R, but only observed them enter an alley leading to multiple apartments and return several minutes later with drugs. *Id.* "Other than identifying Appellant through JNET photos," Appellant maintains, "neither informant provided information to indicate that they had been inside" Apartment 1-R. *Id.*

The Commonwealth counters that the two informants provided police with the same information and therefore corroborated one another. Commonwealth Brief at 8-9 (citing *Goldsborough*, 31 A.3d at 306-07). The Commonwealth notes both informants described a light-skinned male with a bushy beard, and positively identified Appellant from JNET photographs. *Id.*

at 9.  Both informants reported Appellant was selling drugs out of Apartment 1-R, and both subsequently completed controlled purchases from that apartment.  ***Id.*** at 9-10.  The Commonwealth argues that, though the police did not observe the informants actually enter Apartment 1-R during the controlled purchases, the totality of the circumstances indicated the informants did, in fact, purchase drugs from that apartment.  ***Id.*** at 10.

In its opinion, the trial court determined the two informants corroborated one another.  ***See*** Trial Court Opinion, 1/22/25, at 5 (citing (citing ***Goldsborough***, 31 A.3d at 306-07).  The trial court provided the following analysis:

> Multiple confidential informants made three controlled purchases leading up to the request for a search warrant.  The last controlled purchase was completed within forty-eight (48) hours of the request for the search warrant.  Each of the controlled purchases was supervised by [police].  Although the officers could not see the actual transaction at the apartment, that detail does not dismiss the overall "ring of truth" regarding the information provided by the informants.  [***See Commonwealth v. Gray***, 503 A.2d 921, 926 (Pa. 1986) ("Although the affidavit did not show on its face that this informant is especially credible or reliable, … [the affidavit's] total effect confirms [the informant's tip] with the ring of truth which is sufficient for men of common sense to conclude that a search is reasonable and justified by probable cause.").]  Likewise, the absence of a prior history of information provided by the informants does not alter the conclusion that there was probable cause for the issuance of the search warrant….
>
> All of the information contained in the [affidavit] provided the necessary corroboration to establish probable cause.  The suggestion that the confidential informants, who returned drugs to the investigators after each controlled purchase from [A]ppellant, could not be relied upon to establish probable cause, or their basis of knowledge was inadequate to justify the search of the apartment, defies logic.  In other words, paraphrasing

- 8 -

> ***Gray***, at some point common sense enters into the probable cause equation. "[A] proper totality-of-the-circumstances approach, which turns on the assessment of probabilities not neatly reduced to legal rules," supports the probable cause determination for the issuance of this search warrant. ***See Clark***, 28 A.3d at 1291.

Trial Court Opinion, 1/22/25, at 6-7.

We agree with the trial court's reasoning and conclusion. Appellant essentially argues that two separate informants, in the brief window during which they were outside police surveillance, both surreptitiously obtained drugs from somewhere other than Apartment 1-R, and both lied to police about it. A common-sense reading of the affidavit does not support, much less dictate, this conclusion. Our review discloses the affidavit provided the issuing magistrate with a substantial basis for concluding probable cause existed, and therefore, the trial court properly denied Appellant's motion to suppress. Accordingly, Appellant's issue merits no relief.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/21/2025