J-S33038-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JEROME G. BRAZZLE | : | |
| | : | |
| Appellant | : | No. 1753 MDA 2023 |

Appeal from the Judgment of Sentence Entered September 22, 2021
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0001376-2020

BEFORE: OLSON, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.: **FILED: FEBRUARY 25, 2025**

Appellant Jerome G. Brazzle appeals *nunc pro tunc* from the judgment of sentence imposed following his convictions for delivery of a controlled substance and related offenses. Appellant's counsel, Douglas J. Waltman, Esq. (Counsel), has filed a motion to withdraw and an ***Anders***/***McClendon*** brief.[1] After review, we grant Counsel's motion to withdraw and affirm the judgment of sentence.

We adopt the trial court's summary of the facts and procedural history underlying this appeal. ***See*** Trial Ct. Op., 2/5/24, at 1-10. Briefly, Appellant

---

[1] ***See Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981). We note that in 2019 our Supreme Court amended Rule 1925(c)(4) to replace all references to ***McClendon*** with ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). ***See*** Pa.R.A.P. 1925(c)(4) (eff. Oct. 1, 2019). Therefore, we hereafter refer to Counsel's brief as an ***Anders***/***Santiago*** brief.

was arrested and charged with multiple offenses after the victim, Evan Eckel, died of "acute fentanyl toxicity." *See* N.T. Trial, 9/20/21 to 9/21/21, at 64-68, 301. The last telephonic and text message conversations Mr. Eckel engaged in on his mobile telephone prior to his death were with Appellant. *See id.* at 107-15, 434-38. Mr. Eckel's last movements, as tracked by his mobile telephone GPS data, was travel on December 17, 2019 from Mr. Eckel's residence to his place of work, which was also Appellant's place of work; then to Appellant's residence; then a brief stop elsewhere; and then back to Mr. Eckel's residence. *See id.* at 117-18, 120, 439-41. From December 14, 2019 to December 17, 2019, Mr. Eckel communicated by text message several times with Appellant about making arrangements to obtain and pay for "shirts," which expert witness Detective Michael Rowe of the Drug Task Force of the Berks County District Attorney's Office explained was a conversation about "pills" that are "commonly used in the illegal narcotics trade . . . [referring to] fentanyl, [ ] compressed into pills." *See id.* at 110-15, 148-49, 321-29, 434-38. Detective Deron Manndel of the Berks County Regional Police Department testified that Appellant admitted to police that he did obtain "two Percocet pills" for Mr. Eckel during this time from an unauthorized source operating from the location of a t-shirt storefront, and that "[Appellant] told us that he sold [Mr. Eckel] two pills. And our investigation showed that Mr. Eckel did not purchase any other pills from anybody else." *See id.* at 134-36, 155-59, 163, 171, 197, 201, 227-28. Additionally, Appellant admitted to obtaining pills for Mr. Eckel from this same t-shirt storefront source in October

of 2019, shortly before a different incident in which Mr. Eckel had overdosed but survived. **See id.** at 154-55, 227-28.

Appellant was tried by a jury on the charges of drug delivery resulting in death, criminal use of communication device, delivery of a controlled substance – fentanyl, possession with intent to deliver a controlled substance ("PWID") – fentanyl, and possession of a controlled substance – fentanyl.[2] **See** Criminal Information, 6/23/20. Prior to the trial court's jury instructions, Appellant requested the trial court to instruct the jury not just to determine whether Appellant delivered a controlled substance to Mr. Eckel but also to determine whether that controlled substance was fentanyl "because of the fact of the elevated penalties [for fentanyl]." **See** N.T., 9/20/21 to 9/21/21, at 242. Ultimately, the trial court concluded that the jury need not make a specific finding that the controlled substance delivered was fentanyl in order to convict Appellant and instructed the jury that, "[i]n order to find [Appellant] guilty of delivering a controlled substance, you must be satisfied beyond a reasonable doubt that [Appellant] delivered a controlled substance[,]" without any mention of fentanyl. **See id.** at 246, 393. After the trial court charged the jury, and prior to their deliberations, Appellant did not continue his objection to the trial court's instructions as issued to the jury. Appellant was convicted on all charges except drug delivery resulting in death. **See** Verdict Sheet, 9/21/21.

---

[2] **See** 18 Pa.C.S. §§ 2506(a), 7512(a), 35 P.S. §§ 780-113(a)(30), (a)(30), (a)(16), respectively.

- 3 -

At sentencing on September 22, 2021, after reviewing a pre-sentence investigation (PSI) report, the trial court imposed an aggregate sentence of eighty-one months to sixteen years' incarceration. *See* N.T. Sentencing, 9/22/21, at 20, 36. Specifically, the trial court imposed consecutive terms of thirty-six months to seven years' incarceration for Count Two, criminal use of communication device, and forty-five months to nine years' incarceration for Count Three, delivery of a controlled substance.[3] *See* Sentencing Orders, 9/22/21; N.T. Sentencing, 9/22/21, at 3, 20, 34. For Count Three, the trial court explained that Appellant's prior record score (PRS) was R-FEL[4] and Appellant's offense gravity score (OGS) was eight, for delivery of less than one gram of fentanyl, based on the evidence of fentanyl presented at trial. *See* N.T. Sentencing, at 4-5, 14-15.

Although Appellant was represented by counsel, Appellant filed a *pro se* notice of appeal on September 29, 2021, which was later discontinued. Counsel filed a post-sentence motion on October 4, 2021, which the trial court ultimately dismissed. Appellant subsequently filed a *pro se* petition pursuant to the Post Conviction Relief Act (PCRA)[5] on December 19, 2022. On October

---

[3] Counts Four and Five merged with Count Three for sentencing purposes. *See* N.T. Sentencing, 9/22/21, at 3, 37.

[4] *See* 204 Pa. Code § 303.4(a)(2).

[5] 42 Pa.C.S. §§ 9541-9546.

24, 2023, the PCRA court granted Appellant's petition and reinstated Appellant's post-sentence and direct appeal rights *nunc pro tunc*.

On October 30, 2023, Appellant filed timely post-sentence motions *nunc pro tunc* requesting, among other things, reconsideration of sentence on the basis that the trial court had "improperly considered evidence presented at trial, to wit: the incorrect assumption that [Appellant] received financial gain for supplying the deceased with controlled substances" to fashion an "aggravated and consecutive sentence[.]" ***See*** Appellant's Post-Sentence Mot., 10/30/23, at 3 (unpaginated). The trial court denied Appellant's post-sentence motions *nunc pro tunc* on December 5, 2023. ***See*** Trial Ct. Order, 12/5/23.

Appellant filed a timely notice of appeal, and both the trial court and Appellant complied with Pa.R.A.P. 1925. Appellant's Rule 1925(b) statement identifies the following issues:

1. Whether the [trial court] erred in sentencing by relying, [i]n part, on the reason that [Appellant] received financial compensation for delivering controlled substances where the record does not indicate any financial dimension to the offenses?

2. Whether the [trial court] erred in sentencing by determining that the applicable offense gravity score for Count [Three] was an '[eight]' when the record appears to support an offense gravity score of a '[seven]'?

***See*** Appellant's Pa.R.A.P. 1925(b) Statement, 1/11/24.

Counsel has identified two issues in the **Anders**/**Santiago** brief,[6] which we summarize as follows:

1. The trial court erred in calculating the OGS for delivery of a controlled substance as [eight] instead of as [seven].

2. The trial court erred by relying on its conclusion that Appellant profited by delivering controlled substances in imposing sentence where the record does not indicate that Appellant profited from the offenses.

**See Anders/Santiago** Brief at 5.

"When faced with a purported **Anders**[/**Santiago**] brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." **Commonwealth v. Wimbush**, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted). Counsel must comply with the technical requirements for petitioning to withdraw by (1) filing a petition for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) providing a copy of the brief to the appellant; and (3) advising the appellant that he has the right to retain private counsel, proceed *pro se*, or raise additional arguments that the appellant considers worthy of the court's attention. **See Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). In an **Anders**/**Santiago** brief, counsel must set forth the

---

[6] We note that Counsel's **Anders**/**Santiago** brief does not contain a statement of questions presented as required by the Rules of Appellate Procedure. **See** Pa.R.A.P. 2111(a)(4), 2116. Instead Counsel states "[i]t is the opinion of Counsel that the appeal is frivolous." **Anders**/**Santiago** Brief at 4. We derive these issues from the argument section of Counsel's **Anders**/**Santiago** brief.

issues that the defendant wishes to raise and any other claims necessary to effectuate appellate presentation of those issues. *Commonwealth v. Millisock*, 873 A.2d 748, 751 (Pa. Super. 2005).

Additionally, counsel must file a brief that meets the following requirements, namely:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

"Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." *Goodwin*, 928 A.2d at 291 (citation omitted). This includes "an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." *Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citation and footnote omitted); *accord Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*). Moreover, we note that when an issue is waived, it is deemed a frivolous issue. *See Commonwealth v. Kalichak*, 943 A.2d 285, 291 (Pa. Super. 2008) (holding that when an issue has been waived, "pursuing th[e] matter on direct appeal is frivolous").

Here, Counsel has complied with the procedural requirements for seeking withdrawal by filing a petition to withdraw; sending Appellant a letter that includes notice of Counsel's intent to withdraw and explaining Appellant's appellate rights, including the right to proceed *pro se* or with private counsel; and supplying Appellant with a copy of Counsel's **Anders**/**Santiago** brief. **See Goodwin**, 928 A.2d at 290. Counsel includes a summary of the relevant factual and procedural history, refers to the portions of the record that could arguably support Appellant's claim, and sets forth the conclusion that the appeal is frivolous. **See Santiago**, 978 A.2d at 361. Accordingly, Counsel's **Anders**/**Santiago** brief complies with the requirements of **Santiago** and Counsel has met the technical requirements of **Anders** and **Santiago**, and we will proceed to address the issues presented in Counsel's **Anders**/**Santiago** brief.

The two issues identified by Counsel both implicate the discretionary aspects of Appellant's sentence. As this Court has explained, "[t]here is no absolute right to appeal when challenging the discretionary aspect of a sentence[,]" even in the **Anders**/**Santiago** context. **Commonwealth v. Zeigler**, 112 A.3d 656, 661 (Pa. Super. 2015) (citations omitted). Before reaching the merits of such claims we must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issues; (3) whether Appellant's brief includes a [Pa.R.A.P. 2119(f)] concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the Sentencing Code.

*Commonwealth v. Corley*, 31 A.3d 293, 296 (Pa. Super. 2011) (citations omitted and some formatting altered).

"To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the trial court are waived and cannot be raised for the first time on appeal." *Commonwealth v. Malovich*, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted); *see also* Pa.R.A.P. 302(a). "The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Battles*, 169 A.3d 1086, 1090 (Pa. Super. 2017) (citation omitted). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Grays*, 167 A.3d 793, 816 (Pa. Super. 2017) (citation omitted).

Further,

where counsel files an *Anders*[/*Santiago*] brief, this Court has reviewed the matter even absent a separate Rule Pa.R.A.P. 2119(f) statement. . . . An appeal is permitted only after this Court determines that there is a substantial question that the sentence was not appropriate under the sentencing code. When considering the merits of a discretionary aspect of sentencing claim, we analyze the trial court's decision under an abuse of discretion standard.

*See Zeigler*, 112 A.3d at 661 (citations omitted and some formatting altered).

Here, the record reflects that Appellant preserved his first claim regarding the applicable OGS by raising it at sentencing and preserved his second claim that the sentencing court relied on an improper factor of profit or financial gain to formulate his sentence by raising it in a post-sentence motion. ***See Malovich***, 903 A.2d at 1251. In addition, both claims raise a substantial question. ***See Commonwealth v. Troell***, 290 A.3d 296, 299 (Pa. Super. 2023) (finding that a claim that the OGS was incorrectly calculated raises a substantial question); ***Commonwealth v. King***, 182 A.3d 449, 454 (Pa. Super. 2018) (noting that a claim that the trial court considered improper factors presents a substantial question). Moreover, Appellant's failure to provide a Rule 2119(f) statement, given the ***Anders*** posture of this matter, does not preclude our review of whether these issues are frivolous. ***See Grays***, 167 A.3d at 816; ***see also Zeigler***, 112 A.3d at 661. Accordingly, we will review the merits of Appellant's sentencing claims. ***See id.***

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the trial court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.
>
> Additionally, our review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S. § 9781(c) and (d). Subsection 9781(c) provides:
>
> > The appellate court shall vacate the sentence and remand the case to the trial court with instructions if it finds:

- 10 -

> > (1) the trial court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;
> >
> > (2) the trial court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or
> >
> > (3) the trial court sentenced outside the sentencing guidelines and the sentence is unreasonable.
> >
> > In all other cases the appellate court shall affirm the sentence imposed by the trial court.
>
> 42 Pa.C.S. § 9781(c).
>
> In reviewing the record, we consider:
>
> > (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
> >
> > (2) The opportunity of the trial court to observe the defendant, including any presentence investigation [(PSI)].
> >
> > (3) The findings upon which the sentence was based.
> >
> > (4) The guidelines promulgated by the commission.
>
> 42 Pa.C.S. § 9781(d).

*Commonwealth v. Raven*, 97 A.3d 1244, 1253-54 (Pa. Super. 2014) (some citations omitted and some formatting altered). Further, "where the trial court is informed by a PSI [report], it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Commonwealth v. Edwards*, 194 A.3d 625, 638 (Pa. Super. 2018) (citation omitted and formatting altered).

With regard to his OGS sentencing claim, Appellant argues that "the jury must answer a special interrogatory regarding the amount or type of controlled substance." *See Anders*/*Santiago* Brief at 5. However, "[a] specific and timely objection must be made to preserve a challenge to a particular jury instruction. Failure to do so results in waiver." *See Commonwealth v. Olsen*, 82 A.3d 1041, 1050 (Pa. Super. 2013) (citation omitted); *see also Commonwealth v. Bueale*, 1642 EDA 2022, 2023 WL 6206601, at *4 (Pa. Super. filed Sept. 25, 2023) (unpublished mem.) (concluding that the defendant waived his issues regarding jury instructions as he did not object after trial court instructed the jury).[7]

Here, after the trial court charged the jury Appellant did not object that the jury as factfinder should have been instructed to determine whether the controlled substance was fentanyl. At sentencing, Appellant argued that the trial court should apply an OGS of seven, as the verdict did not specify that he delivered fentanyl, and he only admitted to delivering two Percocet pills to Mr. Eckel shortly before he died from acute fentanyl toxicity. *See Anders*/*Santiago* Brief at 5; *see also* N.T. Trial, 9/20/21 to 9/21/21, at 64-68, 301. After hearing argument from Appellant and the Commonwealth, the trial court sentenced Appellant to a term of forty-five months to nine years' incarceration for Count Three, which is within the standard range for an OGS of seven as well as eight where the PRS is R-FEL. *See* Trial Ct. Op., 2/5/24,

---

[7] We may cite to this Court's unpublished memoranda filed after May 1, 2019, for persuasive value. *See* Pa.R.A.P. 126(b).

at 14; *see also* 204 Pa. Code § 303.16(a). As Appellant did not object after the trial court issued the jury instruction that did not require identification of the controlled substance as fentanyl, Appellant has waived any claim of error regarding the jury's failure to identify fentanyl in the verdict. *See Olsen*, 82 A.3d at 1050; *Bueale*, 2023 WL 6206601, at *4. Further, Appellant is not entitled to relief as the sentence for Count Three is already within the standard range for an OGS of seven and, therefore, this claim is also frivolous.

With regard to Appellant's second claim that the trial court improperly relied on Appellant's profiting from delivery of a controlled substance to fashion sentence for Count Three, we note that "[t]he trial court is vested with broad discretion in determining the defendant's sentence since the [trial] court is in the best position to view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime." *See Commonwealth v. Begley*, 780 A.2d 605, 643 (Pa. 2001) (citation omitted). "In imposing a defendant's sentence, the trial court must state the reasons for the sentence on the record. As long as the trial court's reasons demonstrate that it weighed the Sentencing Guidelines with the facts of the crime and the defendant's character in a meaningful fashion, the [trial] court's sentence should not be disturbed." *Id.* In reviewing an aggravated sentence, this Court found that a trial court did not abuse its discretion by considering that an appellant had "engaged in a drug-selling business for profit[.]" *See Commonwealth v. Mickell*, 598 A.2d 1003, 1008 (Pa. Super. 1991).

- 13 -

Here, the trial court had the benefit of the PSI report, and considered Appellant's testimony at the sentencing hearing as well as statements from the family members of Appellant and Mr. Eckel. Further, the trial court noted that Appellant received money for delivering a controlled substance to Mr. Eckel, before imposing a sentence within the standard range of the Sentencing Guidelines. *See* N.T. Sentencing, 9/22/21, at 17-31, 34. We discern no impropriety in the trial court's consideration of whether Appellant profited from delivering a controlled substance, particularly as the trial court did not rely on this factor to impose an aggravated range sentence. *See Begley*, 780 A.2d at 643; *Mickell*, 598 A.2d 1003, 1008 (Pa. Super. 1991). Rather, the record reflects that the trial court was aware of all relevant sentencing factors and considered them when imposing Appellant's sentence and, therefore, Appellant is not entitled to relief on his second claim. Additionally, we agree with counsel that this claim is frivolous. *See Edwards*, 194 A.3d at 638.

Further, our independent review of the record does not reveal any additional, non-frivolous issues. *See Flowers*, 113 A.3d at 1250; *see also Goodwin*, 928 A.2d at 291. Accordingly, we grant Counsel's motion to withdraw and affirm.

Judgment of sentence affirmed.  Counsel's motion to withdraw granted.

Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 02/25/2025